[Civ. No. 67009. Second Dist., Div. One. Feb. 28, 1983.]

YERVANT YETENEKIAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PAUL LEONARD, Real Party in Interest.

COUNSEL

Wolf, Pocrass & Reyes, James L. Pocrass and D. John Hendrickson for Petitioner.

No appearance for Respondent.

Bruce P. Wolfe for Real Party in Interest.

OPINION

**SPENCER, P. J.—**

### INTRODUCTION

An alternative writ of mandate issued to consider whether respondent superior court erred in ruling that petitioner had waived both his objection to a commissioner's authority to hear the matter and his right to a jury trial, as well as ruling that petitioner's motion made pursuant to Code of Civil Procedure section 170.6 was untimely.

### STATEMENT OF FACTS

Petitioner Yervant Yetenekian operates a restaurant located on premises leased from real party in interest Paul Leonard, M. D. (real party). The

sublease under which petitioner initially occupied said premises required payment of a monthly rental fee, $750 plus 5 percent of the gross sales over and above $750.

Throughout the year prior to the termination of said sublease, petitioner and real party negotiated a superseding lease; despite their negotiations, the new lease was never executed. Subsequently, real party notified petitioner that he did not intend to lease the premises and that he expected petitioner to vacate by May 31, 1982.

As petitioner had not vacated the premises by that date, real party caused a three-day notice to quit the premises to be served on petitioner; on June 9, 1982, real party filed a complaint for unlawful detainer in the Municipal Court for the Glendale Judicial District, County of Los Angeles.

Petitioner filed his answer on June 15, 1982, denying all material allegations and asserting as an affirmative defense, the existence of an agreement to lease for an additional six years with a five-year option.

On June 18, 1982, real party filed a request for trial setting. Petitioner's counterrequest for trial setting, filed June 23, 1982, included a demand for a jury trial; petitioner specifically filed a demand for jury trial the following day, June 24, 1982.

The municipal court clerk filed the notice of trial on June 29, 1982; the notice stated, "You and each of you will please take notice that the above-entitled cause has been set for TRIAL BY JURY on July 15, 1982 . . . ."

On July 6, 1982, petitioner filed a motion to transfer the matter to the superior court on the ground that the municipal court lacked subject matter jurisdiction as the rental fees exceeded $1,000 per month.

On July 15, 1982, the municipal court continued both the hearing of petitioner's motion to transfer and the trial to July 29, 1982. The July 15, 1982, entry on the municipal court civil register indicates that the cause was scheduled for a court trial.

Petitioner posted jury fees on July 23, 1982, eight days after the date for which the trial had originally been set.

On July 29, 1982, the parties stipulated to the transfer to the superior court.

In his declaration, petitioner's attorney, James L. Pocrass (Pocrass), stated that he was notified by the Glendale Superior Court on September 27, 1982,

that the matter had been scheduled for a one-hour trial on October 13, 1982; that he called the superior court clerk in order to specify that the matter was a jury trial and that one hour would be inadequate; that the clerk informed him that the problem was properly addressed at the time of trial; and that, in reliance on the clerk's statement, he did nothing further.

On September 28, 1982, the parties agreed to continue the trial to November 17, 1982.

In his declaration, Pocrass also stated that he called the superior court clerk on November 16, 1982, and was informed that there would be no jury trials on November 17, and that all jury trials requested for that day would be continued; relying on this information, he instructed Frank C. Nunes (Nunes), an associate, to go to the superior court the next day in order to obtain a continued hearing date.

In his declaration, Nunes stated that upon his arrival at the superior court on November 17, 1982, he proceeded to department NC "F"; that he was not surprised that the courtroom lacked a jury box as he assumed that department NC "F" was the Glendale court's master calendar division, responsible for assigning cases for trial; that the name plate on the bench read VIRGINIA CHERNACK, JUDGE PRO TEM.; and that there was no indication that Chernack was a commissioner.

When the matter was called, Nunes answered "Ready for defendant. This is a jury trial." Real party responded, "No jury fees have been posted. This matter has been pending in the superior court for several months."

Commissioner Chernack indicated that the superior court file showed that the matter had been scheduled for a court trial; the commissioner then ruled that petitioner had waived his right to a jury trial and announced that the court was ready to proceed.

When Nunes advised the court that petitioner had never stipulated to trial before a temporary judge, the commissioner stated, "As soon as you stood up this morning, you had to say that you don't stipulate"; she then ruled that petitioner had waived any objection to a judge pro tem. Nunes informed the court that he was unfamiliar with the case and that Pocrass, the attorney who had been preparing to try the matter, was at home ill. Although Nunes offered to obtain medical certification of Pocrass' condition, the court refused to continue the trial. Nunes was then advised that the matter would be "trailed" to 1:30 p.m.

Pocrass appeared for petitioner at the 1:30 p.m. hearing and informed the court that he had filed an affidavit of prejudice pursuant to Code of Civil Procedure section 170.6.[1] Commissioner Chernack then reaffirmed her previous rulings that petitioner had waived both his right to a jury trial and his objection to a hearing before a commissioner; she also ruled that petitioner's motion, made pursuant to Code of Civil Procedure section 170.6, was untimely.

Pocrass repeated each of his objections, then moved from the counsel table to the audience; he interrupted real party's testimony shortly thereafter when he interjected, "Your honor, so that there is no prejudice by me sitting back here and listening to the proceeding, in any way giving any sanctity to it, I am going to leave."

The matter then proceeded to trial; judgment was entered against petitioner and real party was granted immediate possession of the contested premises.

## Contentions

### I

Petitioner contends that the judgment is void in that respondents lacked jurisdiction absent petitioner's stipulation that a commissioner hear the matter.

### II

Petitioner further contends that respondent commissioner erroneously denied his constitutional right to a jury trial.

### III

Petitioner also contends that respondent commissioner erroneously failed to grant his motion made pursuant to Code of Civil Procedure section 170.6 to assign another judge or commissioner to hear the matter.

### IV

Finally, petitioner asserts that respondent commissioner's failure to grant his request for accommodation due to his attorney's illness was improper.

---

[1]The affidavit read as follows: "James L. Pocrass declares:

"That he is a party (or attorney for a party) to the within action (or special proceeding). That V. Chernack, Judge Pro Tem, the Judge before whom the trial of the (or a hearing in the) aforesaid action (or special proceeding) is pending (or to whom it is assigned), is prejudiced against the party (or his attorney) or the interest of the party (or his attorney) so that affiant cannot or believes that he cannot have a fair and impartial trial or hearing before such Judge.

"I declare under penalty of perjury that the foregoing is true and correct."

## DISCUSSION

## I

■ Initially, petitioner contends, absent his stipulation that the matter be heard by a commissioner, respondents lacked jurisdiction. We agree.

Article VI, section 21 of the California Constitution clearly states, "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." Commissioners may be empowered to "act as judge pro tempore where otherwise qualified so to act . . . ." (Code Civ. Proc., § 259, subd. 4.) A commissioner is qualified only upon stipulation of all parties litigant. (*People* v. *Tijerina* (1969) 1 Cal.3d 41, 48-49 [81 Cal.Rptr. 264, 459 P.2d 680]; *Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1 [118 Cal.Rptr. 21, 529 P.2d 53].)

We disagree with real party's claim that petitioner was not a "party litigant" and thus not entitled to invoke article VI, section 21 as an objection to the commissioner's jurisdiction. Real party's reliance on *Sarracino* v. *Superior Court, supra,* 13 Cal.3d 1, in support of his assertion is misplaced in that the petitioner there failed to timely respond to an order to show cause and notice of motion with which he was served. The court held that he was not a party litigant and noted that his situation was "indistinguishable from that of a defendant whose default is entered in a civil action following his failure to plead within the required time." (*Id.*, p. 10.)

In the instant case, petitioner has not been similarly delinquent; to the contrary, petitioner filed the appropriate papers and appeared at trial through his attorney. The default resulted not from petitioner's complacence, but rather from fear that his continued participation in the proceeding might be construed as conduct waiving his objections; thus, petitioner's conduct was consistent with the status of a party litigant throughout the proceeding.

We turn now to the question of whether petitioner's conduct demonstrated his consent to the commissioner's authority. Although the propriety of implying such consent was unclear in 1972 (*Lovret* v. *Seyfarth* (1972) 22 Cal.App.3d 841 [101 Cal.Rptr. 143] (court reluctantly reversed judgment entered absent stipulation to commissioner's authority)), precedent had been set in 1968 in *Estate of Soforenko* (1968) 260 Cal.App.2d 765 [67 Cal.Rptr. 563] wherein the court implied the requisite consent from the appellant's conduct. Appellant there had been represented by an attorney who made no objection to a commissioner's authority to hear the matter, although the attorney had participated throughout the entire hearing.

*Soforenko* was followed in 1974 by *People* v. *Oaxaca* (1974) 39 Cal.App.3d 153 [114 Cal.Rptr. 178] wherein the court held that appellants' representation by counsel, voluntary participation, knowing and wilful acceptance of the result of the sentence imposed, and failure to attack the validity of the commissioner's authority at the initial hearing manifested his consent to the commissioner's authority. The court specifically noted, however, that the finding of an implied stipulation was limited to the facts of that case.

More recently, in *Nierenberg* v. *Superior Court* (1976) 59 Cal.App.3d 611 [130 Cal.Rptr. 847], this court refused to imply the requisite consent as petitioner and his counsel had expressly informed the court at the outset of the proceeding that they refused to so stipulate.

Similarly, we hold that the facts of the instant case are insufficient to warrant a finding that petitioner impliedly stipulated to Commissioner Chernack's authority, for petitioner's counsel informed the court early in the proceeding, well before any testimony was taken or judgment rendered, that petitioner did not so stipulate. We cannot agree with Commissioner Chernack that "as soon as you stood up this morning, you had to say that you don't stipulate" for we cannot construe Nunes' answer of "Ready for defendant" as an indication of petitioner's consent to the commissioner's authority. Moreover, his very next statement, "This is a jury trial," is consistent with his belief that he was appearing before the calendar department of the superior court to obtain a date for a jury trial. In light of the fact that the clerk of the superior court had informed Pocrass that the date scheduled for trial was the appropriate time to clarify any confusion with respect to whether a court or jury trial had been requested and that no jury trials would be held on November 17, Nunes' belief that department NC "F" was the calendar department was reasonable. Thus, there was no cause to enter an objection to the commissioner's authority for Nunes reasonably believed that the commissioner's only function in this matter was to set a date for the jury trial. Petitioner's objection to Commissioner Chernack's authority was timely in that it was raised immediately upon culmination of the initial discussion of whether a jury trial had been waived.

Thus, it appears clear that the commissioner lacked authority to act; the order given was invalid under article VI, section 21 of the California Constitution and was in excess of the commissioner's jurisdiction.

## II

In view of the fact that the court lacked jurisdiction, we find it unnecessary to reach petitioner's remaining contentions. However, with respect to real party's assertion that this matter is not one in which a writ of prohibition or mandate will lie, we cite *Selby Constructors* v. *McCarthy* (1979) 91 Cal.App.3d 517,

522-523 [154 Cal.Rptr. 164], wherein the court noted that the appellate court is entitled to review a ruling which would deny a litigant's claim to a trial by jury, by writ or by appeal.

Plaintiff's request for attorney fees must be denied as the petition is clearly not frivolous nor brought solely for the sake of delay.

The petition for writ of mandate is granted. A peremptory writ shall issue forthwith requiring respondent superior court to vacate its order of November 17, 1982, awarding judgment to real party in interest in Los Angeles County Superior Court case No. 12500 G, entitled Paul Leonard v. Yervant Yetenekian, and to reset said case for trial.

Lillie, J., and Dalsimer, J., concurred.

A petition for a rehearing was denied March 14, 1983.