Opinion
WATTERS, J.
In this case, appellant has placed before the court two issues on appeal:
Whether the jury trial held before Commissioner Theodore DeJung was unlawful because appellant never stipulated to allow a commissioner to preside over his trial.
Whether it was unlawful to exclude a necessary defense witness from giving exculpatory evidence for appellant during the trial.
I.
Prior to commencement of the trial on January 22, 1992, appellant appeared before both Judge Mark Tansil and Commissioner Theodore DeJung. The appearance before the commissioner occurred on January 17, 1992, for the readiness conference. On January 22, 1992, Commissioner DeJung was also on the bench, and appellant’s counsel stated that according to the court minutes her client had never stipulated that a commissioner could preside at his jury trial. The commissioner stated that there had been a “gentleman’s stipulation” by the public defender’s office for years and that he would not allow appellant to withdraw the stipulation. Defense counsel objected that there was no notice to appellant that a commissioner would hear this case.
Appellant then moved to disqualify the commissioner under Code of Civil Procedure section 170.6, but the motion was ruled untimely. Upon his return from a conference with the presiding judge, the commissioner stated that there was an implied stipulation to a commissioner and that withdrawal of a stipulation must be made five days before trial. The commissioner indicated, *Supp. 31 however, that although he would hear the case someone else would do the sentencing.
Appellant contends that there was no stipulation by him to the commissioner and his counsel objected to the commissioner prior to trial. Therefore, all acts and orders of the commissioner were void, and appellant’s conviction should be reversed and remanded.
Respondent argues that the conduct of the attorneys is sufficient to constitute a stipulation, and an express oral or written stipulation is unnecessary. Respondent contends that appellant’s counsel stipulated to have the commissioner preside at his jury trial by appearing before him at the January 17, 1992, scheduling hearing and by arguing trial issues in chambers on the morning of the first day of trial before she raised the stipulation issue.
In reply, appellant contends that counsel engaged only in settlement negotiations with the prosecutor and commissioner before trial commenced, and objected to the commissioner as soon as she realized he intended to preside at trial.
California Constitution article VI, section 21 provides as follows: “On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause.”
Appellant relies upon In re Frye (1983) 150 Cal.App.3d 407 [197 Cal.Rptr. 755]. In that case there was a sign in the hearing room stating that unless some objection was made it would be deemed stipulated that the commissioner could act in the capacity of a judge pro tempore. Counsel appearing at the hearing rarely practiced in that court, and he and his client were unaware that the commissioner was in fact a commissioner and not a judge.
The Frye court found that no stipulation existed and that the acts of the commissioner were void. The court stated that stipulations are governed by contract principles, and that the California Constitution contemplates a “voluntary and knowing assent.” (In re Frye, supra, 150 Cal.App.3d at p. 409.)
Appellant contends that under In re Frye the “gentleman’s stipulation” referred to by the trial court in this case is not lawful, and that a stipulation must include the specific parties in a matter. The court agrees with appellant that Frye supports this contention. Likewise, respondent shows no disagreement on this issue as it does not address the Frye case, nor does respondent *Supp. 32 argue on this appeal that the “gentleman’s stipulation” mentioned at the hearing is controlling here.
Rather, respondent contends that by appearing before the commissioner at the readiness conference and in chambers on the morning of trial, appellant’s trial counsel by her conduct impliedly stipulated to having the commissioner preside at trial. However, respondent cites no authority to support this contention.
It is clear from In re Horton (1991) 54 Cal.3d 82 [284 Cal.Rptr. 305, 813 P.2d 1335], that counsel may by his or her conduct impliedly stipulate to a commissioner for a client without an express stipulation from thé client. In Horton a commissioner conducted a capital trial where there was no oral or written stipulation authorizing him to sit as a temporary judge. However, defense counsel proceeded to trial without objection, knowing that the commissioner was not a judge.
The defendant argued on petition for writ of habeas corpus that his conviction should be reversed because he had not entered a formal oral or written stipulation to the commissioner. The Horton court reiterated the “tantamount stipulation doctrine,” which provides that counsel can by his or her conduct enter a stipulation to a temporary judge even though the court has not secured an express waiver from the litigant. (In re Horton, supra, 54 Cal.3d at p. 98.) “ ‘[A]n implied stipulation arises from the parties’ common intent that the subordinate officer hearing their case do things which, in fact, can only be done by a judge.’ ” (Ibid., italics omitted.) The court found such common intent in that case, where defense counsel participated fully in the trial and treated the commissioner as a competent judge. (Ibid.)
As appellant points out, the present case is distinguishable from In re Horton because here appellant’s trial counsel objected to having the commissioner hear the case, and counsel stated on the record that there was no notice to appellant that a commissioner would be hearing his case. Horton, however, does not address the situation presented here, where trial counsel acquiesced in the commissioner presiding over the readiness conference, but then objected to his presiding at trial. Implicit in appellant’s argument is the contention that the commissioner had authority to preside over the readiness conference absent a stipulation, but that he had no authority to preside over the trial absent a stipulation. Thus, it was not necessary for counsel to object until trial was about to begin.
In Yetenekian v. Superior Court (1983) 140 Cal.App.3d 361, 366 [189 Cal.Rptr. 458], the court first reiterated that a commissioner may be empowered to act as a judge pro tempore “ ‘where otherwise qualified so to act,’ ” *Supp. 33 pursuant to Code of Civil Procedure section 259, subdivision 4 (now § 259, subd. (e)), and that a commissioner is qualified only upon stipulation of all parties litigant.
In Yetenekian counsel appeared before a commissioner and announced, “ ‘Ready for defendant.’ ” (Yetenekian v. Superior Court, supra, 140 Cal.App.3d at p. 367.) The court found this did not constitute consent to the commissioner’s authority as counsel reasonably believed he was only appearing before the calendar department to obtain a date for jury trial. Counsel’s subsequent objection to the commissioner was timely as it occurred early in the proceeding, well before any testimony was taken or judgment rendered (Ibid.)
Appellant in the present case contends in his reply that trial counsel objected to the commissioner as soon as she realized he would be presiding at trial. The implication is that counsel did not know before that moment that the commissioner would preside at trial.
The record is unclear on this point. It shows that on the day of trial counsel appeared before the commissioner, and that they went into chambers to discuss this case. Afterward, appellant’s counsel stated that she had spoken to her client about the discussion in chambers and what the commissioner would be sentencing him to if he were found guilty. Counsel then stated that she noticed there had been no stipulation to the commissioner. Thus, the record might support the inference that counsel knew on the day of trial that the commissioner would be presiding, and only objected to him after learning of his proposed sentence on a finding of guilt.
Still, counsel did object before trial itself began. Under Yetenekian v. Superior Court, supra 140 Cal.App.3d 361, the court believes this is sufficient to preserve appellant’s right to object to the commissioner.
Because the court is persuaded that appellant did not realize that Commissioner DeJung would in fact be trying the case, the court does not feel that his failure to object to proceedings before Commissioner DeJung for settlement conference constituted a stipulation, agreement, acquiescence, or waiver of his right to object. Therefore, the judgment against appellant is reversed, and the case is remanded to the Sonoma County Municipal Court for further proceedings.
II.
The record shows that the arresting officer testified that it was clear to him that the driver of the pickup was male and the passenger was female and that there was no camper shell on the pickup.
*Supp. 34 Margaret Bivenzi, however, testified that she had been driving that night, and that after the pickup stopped she jumped over appellant’s lap and appellant went out the door, and the officer then pulled up behind. Bevenzi stated she changed positions in the vehicle because she had a warrant out for her arrest and did not want to get caught. Bevenzi also testified that there has always been a camper shell on the pickup and that the windows were tinted.
The prosecution impeached Bivenzi’s testimony with questions about her giving false information to an officer, among other things. Defense counsel indicated that she wished to call an an additional witness who could testify that the pickup had a permanently affixed camper shell and tinted windows. The prosecutor objected to this additional witness on the basis it was untimely and should have been disclosed by counsel earlier. Defense counsel stated she was surprised by the officer’s testimony that there was no camper shell and she believed Bivenzi had been wrongly impeached.
The commissioner ruled that the additional witness would not be allowed, stating that defendant could testify on the camper shell issue. The commissioner also commented that although the existence of a camper shell might have some effect on the officer’s ability to see into the vehicle, there was “ample opportunity to bring in substantiating witnesses.” He would not allow additional witnesses on the camper shell issue “because it is a surprise thing.” The commissioner further stated that counsel could work out an arrangement whereby the prosecution would be allowed to also bring in another witness, “but in the meantime it’s too lopsided.”
Appellant contends that the additional witness was needed to impeach the officer’s testimony and to corroborate testimony by Bivenzi. By refusing to allow the witness, the commissioner denied appellant his rights to due process, a fair trial, and to confront witnesses through cross-examination and impeachment.
Respondent counters that under the discovery procedures set forth in Penal Code section 1054 et seq. the commissioner was within his discretionary powers to exclude the evidence because witnesses must be discoverable by die opposing parties in a timely fashion, and the evidence will not be allowed if it is irrelevant or cumulative.
In his reply, appellant cites Penal Code section 1054.5 for the proposition that the court may prohibit the testimony of a witness only if all other sanctions have been exhausted, and that in the present case no other sanctions were reviewed. Appellant further contends that upon consideration of the objection to the commissioner, his exclusion of an important defense *Supp. 35 witness, and the improper impeachment of Bivenzi, the magnitude of the error indicates appellant did not receive a fair trial.
It appears to the court that Penal Code section 1054 et seq. (Prop. 115) are not relevant here, as those code sections were enacted to authorize reciprocal discovery in criminal cases. However, the court believes that the trial court did have authority under Evidence Code section 352 to exclude relevant evidence if its probative value was substantially outweighed by the probability that its admission would (a) necessitate undue consumption of time or (b) create substantial' danger of undue prejudice, or confusing the issues, or of misleading the jury.
In the present case, however, the trial judge did not expressly rely on any of the reasons stated in Evidence Code section 352 for excluding the proffered testimony. Thus, this court believes the judgment must be reversed for this reason as well and hereby reverses the judgment and remands the cause to the municipal court for further proceedings consistent with this opinion.
Rosenfield, P. J., and Gallagher, J., concurred.