Filed 6/11/21  Anello v. Schmid CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| LORI ANELLO,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>FREAR STEPHEN SCHMID,<br><br>　　　Defendant and Appellant. | A160440, A160540<br><br>(Sonoma County<br>Super. Ct. No. SCV-266198) |

Respondent Lori Anello obtained a temporary restraining order (TRO) and then a civil harassment restraining order against appellant Frear Stephen Schmid.  Schmid, an attorney who appears in propria persona, appealed from the TRO in case No. A160440 and from the restraining order in case No. A160540.  We conclude that the first appeal is moot and therefore dismiss it, and we conclude that the second appeal lacks merit and therefore affirm the trial court's order.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

Anello is the chief of the Two Rock Volunteer Fire Department in Sonoma County, and her husband is a captain with the department.  They live next to the department's fire station.  Schmid is their neighbor.

1

In late 2019 and early 2020, a new fire building was under construction on property adjacent to Schmid's. Anello saw Schmid yelling and screaming at various workers in late 2019 and in February 2020. On one occasion in February, Schmid came to the building and screamed expletives and vulgarities at Anello when she asked if she could help him, leaving only after an electrician working on the building called the sheriff's department.

On April 28, 2020, Anello filed a request for a civil harassment restraining order (Code Civ. Proc., § 527.6) to protect herself, her husband, and some "Two Rock Volunteer Fire Dept. Personnel."[1] The petition alleged that "Mr. Schmid refuses to accept that the County has fully permitted, approved[,] and final inspected [*sic*] the new Two Rock Volunteer Fire Department Fire Station. He assaults, berates, threatens[,] and harasses repeatedly." Anello attached statements from herself, her husband, the electrician who witnessed Schmid's outburst in late February, and the president of the fire department's board of directors.

The trial court granted a TRO on the same day Anello filed her request. The court ordered Schmid not to harass or contact Anello or her husband and to stay away from them, their homes, their workplaces, and their vehicles. The court declined, however, to apply the TRO to the Two Rock Volunteer Fire Department personnel. The court then scheduled a hearing on the request for the restraining order for June 23, and the TRO was scheduled to expire that day. The notice of hearing did not identify the judicial officer who would preside at the hearing.

As part of its response to the global COVID-19 pandemic, the trial court on June 5 notified the parties that "pursuant to the 5/5/20 order of the Presiding Judge," the hearing on the request for a restraining order would

_____

[1] All further statutory citations are to the Code of Civil Procedure.

2

"be conducted remotely via Zoom." The notice provided instructions on how the parties could participate either online or by phone. This notice again did not identify the judicial officer who would preside at the hearing. Although the proof of service indicates that the notice was sent by mail on June 5, Schmid alleges that the envelope in which it was sent was not postmarked until June 8.

On June 16, seven days before the scheduled hearing, Schmid filed an objection to proceeding remotely. His filing was captioned "Respondent's Objection to Remote Hearing by Zoom and Declaration in Support Thereof." In it, Schmid objected to the hearing taking place by videoconference, complained that he was given inadequate notice of the "radical change in process," and argued he was "entitled to a live hearing in a physical courtroom open to the public." He claimed that the hearing should not be held remotely because Anello had thwarted his discovery requests and the "case [needed] personal attendance of various witnesses." He added, "There is also the issue of a court reporter being present for transcription and the logistics thereof." He also claimed that "the remote hearing [would] deny [him] a fair opportunity to be heard and to present his case in violation of due process of the law." He maintained that "the County has been reopened for most businesses, and houses of worship. Certainly, the courts can accordingly afford parties to use . . . the courtrooms and services thereof and there [was] no sufficient cause to deny [him] full access to a regular hearing." At the end of the pleading, he included a statement objecting to a hearing and decision by a commissioner. Two days after filing his objection, Schmid appealed from the TRO in case No. A160440.

The hearing on June 23 proceeded as scheduled, but the appellate record reveals little about what transpired. The record includes the trial

3

court's docket sheet and a copy of the restraining order, but it does not include a transcript or other record of the proceedings. Basically, all the record reveals is that Anello and her counsel were present, Schmid was not present, a commissioner presided, and Anello stipulated to the authority of the commissioner. In her appellate brief, Anello states that at the hearing the commissioner "considered the documentary record and received testimony from [Anello,] . . . including questions from [Anello's] counsel and additional questions from the Court." At the conclusion of the hearing, the restraining order was issued, requiring Schmid to stay away from and not harass or contact Anello and her husband for three years. Schmid appealed from the restraining order in case No. A160540, and we ordered the two appeals consolidated for purposes of decision.

## II.
## DISCUSSION

### A. *The TRO at Issue Was Appealable, but the Appeal Is Moot.*

The parties disagree about whether the TRO was appealable. It was. (§ 904.1, subd. (a)(6) [orders granting or denying an injunction are appealable]; *Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 332 [order denying TRO is appealable].) But although the TRO was appealable, the appeal is clearly moot, as the TRO expired more than two weeks before this court docketed Schmid's appeal.

" ' "[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) An appellate court will dismiss an appeal when an event occurs that renders it impossible for the court to grant

4

effective relief. (*Ibid.*) An appeal from an expired TRO after the trial court's grant of a permanent restraining order is moot and subject to dismissal. (*O'Kane v. Irvine* (1996) 47 Cal.App.4th 207, 210, fn. 4.)

In supplemental briefing, Schmid argues that we should find an exception to mootness because the case "raises an important issue that is likely to recur yet evade review." We disagree that the appeal from the TRO raises any such issue. Schmid's argument—that because Anello failed to check a box on her form request for a restraining order, the "commissioner had no jurisdiction to issue the TRO" and subsequent proceedings were "void"—is specious. In the portion of the form request an applicant fills out when seeking a TRO, Anello stated, "I am fearful of another assault or more serious violent conduct against me, my family[,] or Two Rock Volunteer Fire Department Personnel." This statement and its placement in the form request were more than sufficient to put Schmid on notice that Anello was seeking a TRO.

As to other issues pertaining to the TRO, they were forfeited or meritless, many for the reasons we discuss below in connection with the restraining order. They do not present important issues that are "capable of repetition, yet evading review," and we decline to exercise our discretion to consider them. (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 886.)

B.      *Schmid's Claims Involving the Restraining Order Lack Merit.*

1.      Background on civil restraining orders

Section 527.6, subdivision (a)(1), provides that a victim of "harassment . . . may seek a [TRO] and an order after hearing prohibiting the harassment as provided in this section." To provide quick relief, "[a] request for the issuance of a [TRO] without notice under this section shall be granted or denied on the same day that the petition is submitted to the court." (§ 527.6,

5

subd. (e).)  Subject to the provisions governing continuances, a hearing on the petition shall be held "[w]ithin 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied."  (§ 527.6, subd. (g).)  "Compared to the normal injunctive procedures set forth in the Code of Civil Procedure, section 527.6 provides a quick, simple[,] and truncated procedure."  (*Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 521 (*Yost*).)

To balance the expedited procedures in section 527.6 with protections for the person against whom the allegations are leveled, the Legislature established "safeguards and several provisions limiting the scope" of restraining orders.  (*Yost, supra*, 51 Cal.App.5th at p. 521.)  "For instance, the statute initially limited the duration of a restraining order to three years.  [Citation.]  The current version of the statute restricts the duration to 'no more than five years.' "  (*Ibid*.)  Other safeguards "assure[] that a person charged with harassment is given an opportunity to present his or her case" and "allow[] either party to bring a motion to terminate or modify the restraining order."  (*Id.* at p. 522.)

We review the decision to issue a restraining order for abuse of discretion and any factual findings supporting the restraining order for substantial evidence.  " 'We resolve all conflicts in the evidence in favor of [the] respondent . . . and indulge all legitimate and reasonable inferences in favor of upholding the trial court's findings.' "  (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226.)

> 2.  Some of Schmid's arguments were forfeited because they were not raised below.

Generally, a party's failure register a proper and timely objection to a ruling or proceeding in the trial court forfeits the issue on appeal.  (*Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602; see *In re*

6

*S.B.* (2004) 32 Cal.4th 1287, 1293; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["It is axiomatic that arguments not asserted below are waived and will not be considered for the first time on appeal"].)

" 'The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law.' [Citations.] Otherwise, opposing parties and trial courts would be deprived of opportunities to correct alleged errors, and parties and appellate courts would be required to deplete costly resources 'to address purported errors which could have been rectified in the trial court had an objection been made.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.)

These principles compel us to conclude that Schmid forfeited the arguments he raises for the first time on appeal. The forfeited arguments include his claims that the restraining order violated his property rights, his rights under the First and Second Amendments, his "state civil process protections," and his "liberty to engage in free movement and engagement in life's social and commercial activities." Although we could exercise our discretion to excuse the forfeiture, we decline to do so. (See *In re Wilford J.* (2005) 131 Cal.App.4th 742, 754.)

At oral argument, Schmid insisted that he was unable to raise his objections below because proceedings in the trial court were stayed once he appealed from the TRO. But, as discussed below in part II.B.4.a., the proceedings were *not* stayed, and Schmid wrongly concluded he could ignore those proceedings on the assumption that the trial court lacked jurisdiction.

> 3.   Some of Schmid's arguments fail because the record is inadequate to review them.

As we have said, our record does not include a reporter's transcript or any other record of what evidence and arguments were presented at the

7

hearing. Consequently, we must reject Schmid's claims that the restraining order was supported by insufficient evidence and that Anello failed to demonstrate a reasonable probability that he would continue to harass her.

The burden of showing reversible error by an adequate record falls on the party challenging the judgment or order. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "[T]he reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent." (*Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.) Thus, " '[i]t is the duty of an appellant to provide an adequate record to the [appellate] court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against [the] appellant.' " (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

Where "the record on appeal consists of only a clerk's transcript and exhibits and no error appears on the face of the record, the sufficiency of the evidence to support the trial court's rulings is not open to consideration by a reviewing court; in such a case, 'any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it.' " (*County of Los Angeles v. Surety Ins. Co.* (1984) 152 Cal.App.3d 16, 23.) If a reporter's transcript of the hearing was not obtainable, Schmid could have avoided the application of this rule by proceeding with an agreed or settled statement.[2] (*Leslie v. Roe* (1974) 41 Cal.App.3d 104, 108; see Cal. Rules of Court, rules 8.134, 8.137.) Because

---

[2] Although on October 16, 2020, Schmid filed an "Appellant's Proposed Settled Statement" in the trial court, we have no record that it was ruled upon, and it is in any event unhelpful in revealing what occurred at the hearing.

we lack an adequate record of what transpired at the hearing, we must reject his claims involving the sufficiency of the evidence.

4. Schmid's remaining arguments lack merit.

*a. The trial court retained jurisdiction to issue the restraining order notwithstanding Schmid's appeal of the TRO.*

Schmid argues that the trial court lacked jurisdiction to proceed with the hearing because he had appealed the TRO. The argument is not subject to forfeiture principles because it is jurisdictional. (See *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239.) Nonetheless, it lacks merit.

Section 916, subdivision (a), provides that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby" and that "the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." Subdivision (b) of the statute provides that "[w]hen there is a stay of proceedings other than the enforcement of the judgment, the trial court shall have jurisdiction of proceedings related to the enforcement of the judgment as well as any other matter embraced in the action and not affected by the judgment or order appealed from."

Under these provisions, "[g]enerally, the appeal of an order denying a preliminary injunction does not automatically stay the trial. [Citations.] The rationale is that a preliminary injunction is a provisional remedy 'distinct from the main action.' " (*Reed v. Superior Court* (2001) 92 Cal.App.4th 448, 453–454.) An order granting or denying a TRO is usually considered to be a collateral matter, since it is designed merely to preserve the subject of the litigation pending a determination on the merits, and therefore an appeal from it does not deprive a trial court of jurisdiction to proceed on the merits.

9

(*Gray v. Bybee* (1943) 60 Cal.App.2d 564, 571; 13 Witkin, Cal. Proc. (5th ed. 2020) Appeal § 21.)  Here, the TRO was designed to expire, and it in fact expired, on the date of the hearing on the restraining order.  Thus, the TRO was clearly a collateral matter, and Schmid's appeal of it did not affect the trial court's jurisdiction to proceed with the hearing on the restraining order.

> b.    *We reject Schmid's claim that the trial court lacked jurisdiction because he did not consent to the commissioner.*

Schmid also claims that the commissioner did not have jurisdiction to issue the restraining order because Schmid did not consent to a commissioner.  We are not persuaded.  True enough, Schmid stated his opposition to a commissioner at the end of his filing entitled "Respondent's Objection to Remote Hearing by Zoom."  A commissioner is not empowered when a party refuses to stipulate to his or her authority.  (See *Yetenekian v. Superior Court* (1983) 140 Cal.App.3d 361, 366; Cal. Const., art. VI, § 21.) But Schmid then chose not to participate in the remote hearing, and he did not claim below and does not claim on appeal that he was unable to participate or was prevented from doing so.  Furthermore, Schmid has not shown that he was notified that the judicial officer who would preside at the hearing would be a commissioner, and we have rejected his argument that he was excused from appearing based on his incorrect belief that the trial court lacked jurisdiction.

Given Schmid's failure to appear and to offer any legitimate excuse for it, we must conclude that the commissioner had authority to act.  Section 259, subdivision (g), provides that commissioners are authorized to "[h]ear, report on, and determine all uncontested actions and proceedings subject to the requirements of subdivision (d)."  The hearing became "an uncontested action

or proceeding by virtue of [Schmid's] failure to answer or appear." (*Reisman v. Shahverdian* (1984) 153 Cal.App.3d 1074, 1093.)

The requirements of section 259, subdivision (d), in turn, authorize commissioners to "act as temporary judges when otherwise qualified to so act . . . on stipulation of the parties litigant." (§ 259, subd. (d).) While Schmid was clearly a party litigant before the hearing, he lost such status by not attending the hearing without having, much less expressing, a legitimate reason for doing so. A commissioner's power to serve as a temporary judge " '[o]n stipulation of the parties litigant' " does not depend on a stipulation from one who lacks such a status. (*Reisman v. Shahverdian*, *supra*, 153 Cal.App.3d at p. 1089.) Parties—including ones who, like Schmid, did participate in earlier proceedings—can lose their party-litigant status by failing to appear at a hearing on a motion. (*Id.* at p. 1091.) " ' "The phrase 'parties litigant . . .' does not include parties . . . who willfully remain away from the trial . . . . [T]here is no injustice [in such a case] in ruling that they waived their rights to object to the appointment of . . . a judge pro tempore." ' " (*Id.* at p. 1092.) Here, Schmid forfeited his party-litigant status by not appearing at the hearing, and the commissioner was therefore authorized to proceed upon Anello's stipulation to his authority.

> c. *Schmid has not carried his appellate burden to demonstrate that the remote hearing deprived him of due process or equal protection.*

Lastly, Schmid argues that the remote hearing deprived him of due process and equal protection. Again, we are not persuaded.

Schmid argues that his due process rights were violated because the notice that the hearing would be conducted by videoconference was "dated June 5, 2020[,] but mailed per the postmark on June 8, 2020, thus giving [him] deficient and inadequate notice of this [monumental] and radical

11

change in process." He argues that he was "entitled to a live hearing in a physical courtroom open to the public where he [could] present his case, including presenting and introducing documentary evidence, to confront witnesses and [Anello] by means of examination and cross-examination[,] and to see and perceive the body language and physical actions of witnesses, attorneys, [Anello,] and the Judge, and so that the Judge may also so partake in and perceive the proceedings live."

We first disagree with Schmid that the notice of the hearing was constitutionally deficient. By his own concession, the notice was postmarked on June 8, about two weeks before the hearing date. Not only did the notice provide Schmid with an opportunity to object to the hearing, he in fact exercised the opportunity by objecting. Thus, the notice was constitutionally sufficient. (See, e.g., *Moore v. California Minerals Products Corp.* (1953) 115 Cal.App.2d 834, 837 [court must give an affected party an opportunity to be heard if its conception of the nature of a hearing materially changes].)

We also disagree with Schmid's conclusory assertion that his rights to due process were violated by the hearing's format. To begin with, Schmid is hardly in a position to comment on the effectiveness of the remote hearing since he did not participate in it. Moreover, he identifies no specific harm that he allegedly suffered. He identifies no testimony, piece of evidence, or argument that he was unable to present or challenge. An alleged error only warrants reversal if the appellant can show the error was prejudicial. (*Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 740; see *People v. Esayian* (2003) 112 Cal.App.4th 1031, 1042 [claim that procedure violated due process generally requires showing of fundamental unfairness].) Finally, even if Schmid were able to identify some such alleged harm, we would likely be unable to evaluate it since he failed to provide us with an adequate record

12

of the proceeding. In short, he has not sustained his appellate burden of demonstrating a due process violation.

Schmid has similarly failed to demonstrate that his rights to equal protection were violated. He claims that his rights were infringed upon because "the Sonoma [County] Superior Court was conducting live hearings in some cases" and the burden was "on the court to demonstrate why [he] could not conduct the trial live and in person with proper social distancing." But Schmid does not identify or describe those who were being provided with live hearings or provide sufficient information or argument for us to evaluate any differences or distinctions in the superior court's practices. "We may 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [the appellant] wants us to adopt.'" (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*Id*. at pp. 286–287.) Because Schmid has failed to provide such an argument, we reject his equal protection claims.

C.     *We Decline to Award Anello Attorney Fees or Sanctions.*

Finally, we address Anello's "request for [an] order for Schmid to pay [her] attorney's fees, costs, damages[,] and sanctions." (Some capitalization omitted.) Below, Anello requested an award of attorney fees and costs in the amount of "$9,556.58 incurred through the uncontested hearing on June 23, 2020." (See § 527.6, subd. (s).) The form restraining order, however, left blank the portion that would be completed if fees had been awarded. We must infer from this that the request was denied. And since Anello did not cross-appeal from this denial, we will not consider her request for fees

13

incurred in the trial court. (See *Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439 ["As a general matter, 'a respondent who has not appealed from the judgment may not urge error on appeal' "].)

In her appellate briefing, Anello claims to have continued "to accrue in excess of $30,000.00 [in attorney fees] at this point." While she apparently asks us to award her appellate fees under section 527.6, subdivision (s), she provides no further explanation, support, or argument for such an award. Although we find that Schmidt's appeal lacked merit and was poorly conceived, we are not persuaded that it was frivolous or brought for purposes of delay. (See § 907.) Thus, we decline to award Anello the attorney fees she incurred on appeal, and we similarly deny her request for sanctions. We will, however, award her appellate costs as the prevailing party in both appeals. (Cal. Rules of Court, rule 8.278(a)(1)–(2).)

### III.
### DISPOSITION

The appeal in No. A160440 is dismissed. The order appealed in No. A160540 is affirmed. Anello is awarded her costs in both appeals.

14

_____

Humes, P.J.


WE CONCUR:




_____

Banke, J.




_____

Sanchez, J.






*Anello v. Schmid* A160440/A160540


15