[Civ. No. 17947.   First Dist., Div. Two.   Dec. 23, 1958.]

AGNES BAKER, Respondent, v. W. S. SOLARI, as Executor, etc., Appellant.

[Civ. No. 17948.   First Dist., Div. Two.   Dec. 23, 1958.]

MARY JORDAN, Respondent, v. W. S. SOLARI, as Executor, etc., Appellant.

W. S. Solari, in pro. per., Albert Picard, W. S. Solari, Jr., Andrew F. Burke and Thomas P. O'Brien for Appellant.

Tobin & Tobin and Charles R. Collins for Respondents.

DRAPER, J.—Appeals from two judgments are here upon a consolidated record. Plaintiffs are sisters. They filed claims against the estate of Aurora Brignardello for the reasonable value of services allegedly rendered to her during the two years before her death. The executor of her will rejected both claims, and plaintiffs brought these actions. After trial to the court sitting without a jury, judgment was rendered in favor of each plaintiff for $2,000. Defendant executor appeals.

Plaintiffs lived next door to decedent. The latter was 84 years old at the time of her death. She had been ill for some time and there is evidence that she was senile and unable fully to care for herself. There is testimony that she spent a major part of each day of her last two years with plaintiffs, and that they provided her meals daily, took her on frequent visits to her doctor, drove her to places she desired to visit, bought minor items for her, and provided labor and materials for repairs to her home. There is evidence that plaintiffs believed her to have no cash and no assets save her somewhat dilapidated home. In this situation, there was no agreement fixing any compensation for plaintiffs. However, decedent repeatedly said to plaintiffs "No good deed ever goes unrewarded, and you will get your reward." She also said that nobody but the husband of one of the plaintiffs would ever get her house, and that she would see that they had the first opportunity to buy the house at a reasonable price. Her estate amounted to almost $250,000.

The parties agree that, to support the judgment, the record must contain evidence showing that the services were rendered at decedent's request, with the expectation of plaintiffs, known to decedent, that the services were to be compen-

sated for, and that such expectation existed when the services were rendered. (See 27 Cal.Jur. 202; 58 Am.Jur. 516.) Appellant's sole contention is that the evidence is insufficient to sustain the judgment. There is little question that the services were rendered. Although appellant suggests that decedent did not request them, there is much evidence that she did ask for the aid of respondents.

Appellant's principal contention is that there is no evidence to show that respondents' services were rendered with any expectation of compensation, and none that decedent knew respondents expected any material reward. ■ But " ' [t]he intention to pay and the expectation of compensation may be inferred from conduct where equity and justice require compensation, as well as from direct communications.' " (*Winder* v. *Winder*, 18 Cal.2d 123, 128 [114 P.2d 347, 144 A.L.R. 935].) The question is one of fact, and the determination of the trial court is to be affirmed unless it is unreasonable under all the circumstances. (*Mayborne* v. *Citizens T. & S. Bank*, 46 Cal. App. 178, 183 [188 P. 1034].) In many cases of this type, as here, the evidence would support a finding either way, but such state of the record requires affirmance. (*Lloyd* v. *Kleefisch*, 48 Cal.App.2d 408, 410 [120 P.2d 97]; *Payne* v. *Bank of America*, 128 Cal.App.2d 295, 303 [275 P.2d 128].) ■ Appellant places great stress upon respondents' testimony that they did not expect payment. But the trial court could view this testimony as referring to cash payment, as being reasonable in the light of respondents' opinion that decedent had no cash, but as not in any way negativing an expectation of material reward other than cash. Services rendered in expectation of a devise of real property will support a judgment for the reasonable value of the services. (*Winder* v. *Winder, supra,* 18 Cal.2d 123.) While the evidence in the case at bar could well support a finding in appellant's favor, we are satisfied that in the testimony as to the declarations, acts and circumstances of the parties there is substantial evidence to support the judgment. It is significant that defendant executor himself testified that respondents "padded this claim so much that I had to reject it. Now, if it had been a fair claim I would have approved it." The claims were for $9,500 each. The court allowed $2,000 each.

Appellant, however, urges that counsel for respondents stipulated in open court that respondents' services were rendered "without expectation of compensation for them." This claim is based upon a statement made during cross-examina-

tion of one of respondents. She testified, regarding the aid given by her sister and herself to decedent ''We were told to do it for her soul's sake.'' Appellant's counsel then asked:

''And you were both doing it for that reason?

''A. Yes, we were, up to the time we found she had an estate of $350,000 and had taken us in so grossly.

''Q. And it was then for the first time that you expected to get any payment?

''Mr. COLLINS (respondents' attorney) I will stipulate that that is so, if that will help your case, Mr. Picard.

''Mr. PICARD (appellant's attorney) Will you answer it yourself?''

This last question was directed to the witness. The question was read by the reporter, answered by the witness, and appellant's counsel examined her in further detail upon this issue. Later witnesses were similarly examined upon the same issue.

A stipulation is an *agreement* between attorneys. (*Palmer* v. *City of Long Beach*, 33 Cal.2d 134, 142 [199 P.2d 952].) It seems obvious that the attorney for appellant rejected the offered stipulation. His detailed examination of later witnesses shows clearly that he did not accept or rely upon the claimed stipulation as to expectation of payment. Even if the stipulation were accepted, it could hardly be given the effect contended for by appellant. As already pointed out, the evidence warrants the view that even if decedent's apparent financial condition negatived an expectation of payment in money, it did not preclude the expectation of compensation or reward through the asset of decedent's home. Still further, the cases tend to construe in favor of the stipulating party, or even to wholly disregard, a stipulation which is ''inadvertently made in conflict with a party's theory of his case.'' (*Back* v. *Farnsworth*, 25 Cal.App.2d 212, 220 [77 P.2d 295] ; see also 1 Witkin, California Procedure, § 56.)

Judgments affirmed.

Kaufman, P. J., and Dooling, J., concurred.