[Crim. No. 16072. Fourth Dist., Div. Two. Dec. 30, 1983.]

In re JERRY BOYDE FRYE on Habeas Corpus.

---

---

**COUNSEL**

John P. Angles for Petitioner.

No appearance for Respondent.

---

**OPINION**

**KAUFMAN, J.**—Petitioner, released on his own recognizance at the direction of this court pending these proceedings, is in the constructive custody of the Sheriff of Riverside County pursuant to an order of contempt of court for failure to make ordered child support payments issued by Carver Honn, Commissioner of the Riverside County Superior Court, purportedly acting as a temporary judge. On allegations the order of contempt was invalid on numerous grounds petitioner sought habeas corpus. We treated petitioner's application as a petition for certiorari and issued the writ and an order to show cause. No return or other response to the order to show cause has been filed, and the matter is now before us for disposition. We conclude the order of contempt is void.

Section 21 of article VI of the California Constitution provides: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause."

The verified petition alleges and an accompanying declaration of petitioner's trial attorney avers, both without contradiction, that although Commissioner Honn purported to hear the contempt proceeding as a temporary judge, neither petitioner nor his counsel stipulated Commissioner Honn might hear the matter in that capacity nor was aware Commissioner Honn was not a judge.

The reporter's transcript of the hearing discloses no stipulation, nor any mention of the problem or the fact that Commissioner Honn is a commissioner rather than a judge. We have examined the trial court file and it contains no written stipulation. The purported contempt order, an unsigned minute order dated August 18, 1983, has a box marked opposite the words "Stipulated matter be heard by Court Commissioner as Judge Pro Tempore." However, in view of the failure of either real party or respondent to deny the allegations in the petition or the averments in the attached declaration, the recital in the minute order must be attributed to a practice we are informed is followed by Commissioner Honn in such cases. Apparently there is a notice posted in the hearing room stating that unless some objection is voiced it will be deemed stipulated the commissioner may act in the capacity of judge pro tempore.

Whether or not such a procedure would be sufficient if the record reflected petitioner and/or his attorney knew that Commissioner Honn was a commissioner rather than a judge and knew of the posted notice we need not decide because there is no such indication in the record before us. On the contrary, it is asserted in the petition and the accompanying declaration that neither petitioner nor counsel were apprised of these facts and that counsel, who practices rarely in Riverside Superior Court, believed Commissioner Honn was a judge. In this connection we observe that both the order to show cause for contempt and a subsequent order for continuance, both executed long before the contempt hearing, bear the signature Carver E. Honn and the designation "Judge of the Superior Court."

■ Stipulations are governed by contract principles. (See, e.g., *Palmer* v. *City of Long Beach* (1948) 33 Cal.2d 134, 142-143 [199 P.2d 952]; *Southern Pacific Co.* v. *Schwartz* (1964) 226 Cal.App.2d 481, 485-486 [38 Cal.Rptr. 283]; *Baker* v. *Solari* (1958) 166 Cal.App.2d 472, 475 [333 P.2d 791].) ■ Manifestly, the constitutional requirement of a "stipulation of the parties litigant" as a prerequisite to a commissioner's acting as judge pro tempore (Cal. Const., art. VI, § 21, *supra*) contemplates a voluntary and knowing assent. (See *Palmer* v. *City of Long Beach, supra.*) There is no evidence of any such knowing assent on the part of petitioner or his counsel in this case.[1]

In the absence of a proper stipulation Commissioner Honn lacked authority to hear and determine the contempt proceeding and the order of contempt is void. As stated by the court in *Nierenberg* v. *Superior Court* (1976) 59

---

[1]We note that the procedure of posting the aforementioned notice without otherwise calling attention to it will necessarily result in a silent record, leaving any ensuing order subject to attack on the same basis as that made here.

Cal.App.3d 611, 616 [130 Cal.Rptr. 847]: "The power of a court commissioner to act as a temporary judge emanates solely from stipulation by the parties to the proceeding. (Cal. Const., art. VI, § 21; *Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351, 360 [110 Cal.Rptr. 353, 515 P.2d 297]; *People* v. *Tijerina* (1969) 1 Cal.3d 41, 48-49 [81 Cal.Rptr. 264, 459 P.2d 680].)"

The order of contempt is annulled.

Morris, P. J., and McDaniel, J., concurred.