113 Cal.Rptr.2d 524 (2001)
93 Cal.App.4th 911
In re the MARRIAGE OF Raymond Joseph and Carolyn Janell MONGE.
Raymond Joseph Monge, Respondent,
v.
Carolyn Janell Gerig, Appellant.
No. C036831.
Court of Appeal, Third District.
November 13, 2001.
Rehearing Granted December 10, 2001.
Mark W. Coleman for Appellant.
*525 Meckfessel & Hopkins and Kenneth M. Hopkins, Willows, for Respondent.
SIMS, Acting P.J.
In 1971, appellant Carolyn Janell Monge, who is now known as Carolyn Janell Gerig (hereafter Gerig), obtained a final judgment of dissolution of marriage from respondent Raymond Joseph Monge (hereafter Monge). The judgment provided for payment by Monge of both child support and spousal support.
In May 2000, Gerig, acting in propria persona, filed in Tehama County Superior Court a Judicial Council form seeking an order to show cause to establish child support and spousal support arrearages. The form did not advise Gerig that the matter would be heard by a commissioner unless she objected and did not advise her of her right to review by a superior court judge.
The superior court conducted two hearings on Gerig's application for an order to show cause at which Gerig appeared without counsel. The hearings were presided over by a commissioner, who did not advise Gerig that the matter was being heard by a commissioner who shall act as a temporary judge unless any party objects to the commissioner acting as a temporary judge.
Following the hearings, in August 2000, the commissioner entered an order denying Gerig's application for an order to show cause.
Gerig, now represented by counsel, filed a timely notice of appeal from the order.[1]
On appeal, Gerig argues, among other things, that the order must be reversed because the commissioner lacked the authority to act on her case. She contends Family Code section 4251 required the court to advise her the matter was being heard by a commissioner and that she could object to the commissioner acting as a temporary judge and the record reflects she was not so advised.[2] We shall conclude that the court did not give Gerig the required statutory advisement and nothing in the record shows Gerig knew the case was being heard by a commissioner to whom she. could object. We shall therefore conclude no valid stipulation to the commissioner's hearing the matter appears on the record. We shall therefore reverse the order denying Gerig's application for an order to show cause.

DISCUSSION
California Constitution, article VI, section 21 provides: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." (Italics added.)
Code of Civil Procedure section 259 provides that, "Subject to the supervision of the court, every court commissioner shall have power to do all of the following: [¶] ... [¶] (g) Hear actions to establish paternity and to establish or enforce child and spousal support pursuant to subdivision (a) of Section 4251 of the Family Code.
Section 4251 provides in relevant part:
"(b) The commissioner shall act as a temporary judge unless an objection is made by the local child support agency or any other party. The Judicial Council shall develop a notice which shall be included on all forms and pleadings used to initiate a child support action or proceeding that advises the parties of their right *526 to review by a superior court judge and how to exercise that right. The parties shall also be advised by the court prior to the commencement of the hearing that the matter is being heard by a commissioner who shall act as a temporary judge unless any party objects to the commissioner acting as a temporary judge."
As we have recounted, the Judicial Council "ORDER TO SHOW CAUSE" form used by Gerig did not contain the notice required by subdivision (b) of section 4251. Nor did the court provide Gerig with the advisement mandated by the same statute.
The record contains no express stipulation as required by the constitution by Gerig to the hearing of the matter by a commissioner.
Monge relies on In re Horton (1991) 54 Cal.3d 82, 284 Cal.Rptr. 305, 813 P.2d 1335, which held that under the doctrine of tantamount stipulation, the requisite stipulation may be furnished by the conduct of the parties. According to Monge, Gerig's conduct in allowing the matter to be heard by the commissioner amounted to a tantamount stipulation. We disagree.
Horton was a habeas corpus proceeding by a criminal defendant who was convicted of murder and robbery and was sentenced to death, following a jury trial at which a commissioner presided. The Supreme Court said: "The issue in this case is whether a court commissioner may conduct a trial in a capital case when no oral or written stipulation of the parties authorized him to sit as a temporary judge, but when defense counsel proceeded to trial without objection, knowing that the judge was a court commissioner. Petitioner contends that the right to be tried by a regularly appointed or elected superior court judge is a fundamental and personal one that can only be waived after full admonition of the defendant and after he has entered an express waiver of the right on the record. We conclude that the right is not a fundamental personal one requiring an admonition and express waiver, and that the stipulation necessary to vest the commissioner with authority to try the case can be inferred from the conduct of counsel." (Id. at p. 86, 284 Cal.Rptr. 305, 813 P.2d 1335.)
The record in Horton showed the defendant interjected during pretrial rulings to ask "are you a Judge or are you a Commissioner?" (Horton, supra, 54 Cal.3d at p. 89, 284 Cal.Rptr. 305, 813 P.2d 1335.) The commissioner responded he was a commissioner but would be sitting as judge because defendant had signed a stipulation. The defendant asked "I signed it?" while shaking his head from side to side indicating disagreement (as reflected in the settled statement). He was interrupted by counsel, who spoke on other topics. The subject was dropped, the case proceeded to trial, and the subject of the stipulation was not renewed until the collateral attack on the judgment. (Ibid.)
Horton held that, in view of the constitutional provision for trial by a temporary judge upon stipulation (Cal. Const., art. VI, § 21) and counsel's traditional authority to act for the client in the procedural aspects of the case, counsel must be deemed to have the authority to enter a stipulation to a temporary judge even though the court has not secured an express waiver from the litigant. The court held that a valid stipulation for purposes of the constitutional provision can be inferred from the conduct of counsel. Under the "tantamount stipulation" doctrine, an implied stipulation arises from the parties' common intent that the subordinate officer hearing their case do things that, in fact, can only be done by a judge. The conduct of defendant's counsel amounted to such a *527 stipulation: counsel participated fully and vigorously in the trial, at every point treating the commissioner as competent to rule on matters that rest solely in the discretion of a superior court judge, and both defendant and counsel were aware that the commissioner was sitting as a temporary judge.
Horton is distinguishable from this case in that there the defendant was represented by counsel, who knew the case was being heard by a commissioner. Here, by way of contrast, nothing in the record discloses that Gerig knew the case was being heard by a commissioner, to whom she could object. That knowledge should have been imparted to Gerig by the express notice and advisement mandated by section 4251, subdivision (b), but it was not. In the circumstances, we will not infer that Gerig stipulated to the hearing of a case by a commissioner; to do so would eviscerate the notice and advisement requirements of subdivision (b) of section 4251.
Because no valid stipulation to the hearing of the matter by a commissioner appears on this record, the order entered by the commissioner was void. (In re Frye (1983) 150 Cal.App.3d 407, 409, 197 Cal.Rptr. 755.) In light of this conclusion, we have no need to consider Gerig's other contentions of error in the order.

DISPOSITION
The August 22, 2000, judgment (order) is reversed. Gerig shall recover her costs on appeal.
We concur: NICHOLSON, J. and MORRISON, J.
NOTES
[1] The order is appealable as an order made after judgment. (Code Civ. Proc., § 904.1, subd.(a)(2).)
[2] Undesignated statutory references are to the Family Code.