Filed 4/29/14  Daniell v. DeRiggi CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ANAND L. DANIELL, | |
| Plaintiff and Appellant, | E055261 |
| v. | (Super.Ct.No. RIC536488) |
| JOHN DERIGGI, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  John W. Vineyard,

Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)[1]  Affirmed.

Anand L. Daniell, in pro. per., for Plaintiff and Appellant.

Locke Lord, Jason L. Sanders, Susan J. Welde, and Michelle C. Ferrara for

Defendant and Respondent John DeRiggi.

---

[1]  John W. Vineyard was appointed as a judge in December 2011; however, at the time of these proceedings he was a commissioner.

Plaintiff and appellant Anand L. Daniell (Daniell) filed this action for malicious prosecution based on an unlawful detainer filed against him by the previous owner of his apartment complex, GrandMarc UCR, LP (GrandMarc) and by the previous property manager. The defendants in this action include numerous corporate entities and individuals, including defendant and respondent John DeRiggi (DeRiggi). DeRiggi is a Pennsylvania resident who was dismissed from the action for lack of personal jurisdiction following his motion to quash service of summons. Daniell appeals the judgment of dismissal and orders granting DeRiggi's motions for relief from default and to quash service of summons on the grounds they are void because they were made by a court commissioner in the absence of Daniell's stipulation. He further contends the motions should have been denied because DeRiggi made a general appearance at the case management conference and thereby waived his jurisdictional challenge.[2] Finally, Daniell claims that, assuming DeRiggi appeared at the case management conference, his

---

[2] During oral argument, Daniell faulted us for failing to address his assertion that the denial of DeRiggi's motion to quash constituted a general appearance. California Rules of Court, rule 8.204, requires an opening brief to "[s]tate each point under a separate heading or subheading summarizing the point . . . ." (Calif. Rules of Court, rule 8.204(a)(1)(B).) Daniell's heading in his opening brief stated: "[DERIGGI'S] MOTIONS FOR RELIEF FROM DEFAULT AND MOTION TO QUASH SHOULD HAVE BEEN DENIED BECAUSE HE MADE A GENERAL APPEARANCE BEFORE FILING THE MOTIONS." Under this heading, Daniell argued that "prior to filing his first motion to quash, attorney Susan Welde appeared *for [DeRiggi]* at the case management conference held April 26, 2011. . . . Participation in a case management conference constitutes a general appearance. . . ." Only at the end of Daniell's discussion of this issue did he raise in passing the following: "At a minimum, [DeRiggi] appeared when his initial motion to quash was denied. . . ." Having failed to comply with California Rules of Court, rule 8.204, the argument that Daniell claims we failed to address is deemed waived. Notwithstanding the above, the argument fails on its merits, as explained below.

2

alternative request for relief from default on grounds of attorney fault fails because (1) he had already appeared, and (2) he failed to submit a proposed pleading. We reject Daniell's challenges and affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This court is familiar with the underlying facts because of our prior published opinion involving Daniell and another defendant in *Daniell v. Riverside Partners I, L.P.* (2012) 206 Cal.App.4th 1292 (*Daniell*) [Fourth Dist., Div. Two]. Plaintiff was a tenant in an apartment complex on Iowa Avenue in Riverside, commonly known as GrandMarc at University Village. (*Id*. at p. 1296.) In 2007, GrandMarc filed an unlawful detainer action against Daniell, which was later voluntarily dismissed. (*Id*. at p. 1297.) In March 2009, Daniell filed a malicious prosecution action (similar to the one before this court) against other defendants; however, his claims were rejected as to many of those other defendants and the pertinent rulings were upheld on appeal. (*Id.* at pp. 1295-1296.)

On September 21, 2009, Daniell initiated this action against DeRiggi and others. Daniell's theory is that defendants maliciously filed the unlawful detainer action in retaliation for his alleged discovery and threat to expose GrandMarc for its involvement in a nefarious tax scheme pioneered by Ernst & Young. The case was assigned to Department 2 for case management purposes; however, on October 2, 2009, Daniell filed his "Notice of Non-Stipulation to Commissioner or Judge *Pro Tempore*," specifically

3

identifying Commissioner Paulette Durand-Barkley.[3]  The case was reassigned to

Department 6, Judge Mac R. Fisher, and Daniell's notice of the reassignment indicated

that he could challenge Judge Fisher pursuant to Code of Civil Procedure section 170.6.[4]

The notice further stated:  "If the case is assigned to a Commissioner, sitting as Judge Pro

Tempore, whose appointment as a Commissioner is in accordance with Article Six,

Section Twenty-Two of the Constitution of this State, and who has been appointed as a

Temporary Judge pursuant to an order of the Presiding Judge of the Court under the

authority of Article Six, Section Twenty-One of the Constitution and Section 259 of the

Code of Civil Procedure of this State.  [¶]  The parties must, within ten (10) days of the

date of notice of the assignment to a trial department, file a Notice of Non-Stipulation if

they do not stipulate to hearing before the Commissioner.  Failure to file such notice

within ten (10) days shall be deemed an acceptance of the assignment."

On December 20, 2010, the case was reassigned to Judge Mac R. Fisher, who was

sitting in Department 1 for case management purposes, and to Department 12 for law and

motion purposes.  On January 24, 2011, the case was reassigned to Judge Jacqueline C.

Jackson in Department 7 for case management purposes and continued to be assigned to

Department 12 for law and motion purposes.  Three days later, on January 27, 2011,

---

[3]  On August 6, 2012, Daniell requested that we take judicial notice of certain documents in the case file.  DeRiggi opposed the request, and on August 28, 2012, we reserved ruling for consideration with this appeal.  We grant the request with the exception of Exhibit D.  (Evid. Code, § 452, subd. (d).)

[4]  All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Daniell filed the first amended complaint. In response, DeRiggi filed a case management statement wherein he stated that he "will challenge personal jurisdiction and is therefore not appearing at the Case Management Conference."

On February 14, 2011, Daniell filed an ex parte application to continue the case management conference, which was assigned to and heard in Department 12 by then Commissioner John W. Vineyard.[5] According to the Registrar of Actions, all parties stipulated to Commissioner John W. Vineyard. Commissioner Vineyard heard the matter and Daniell never complained. On April 26, 2011, counsel for DeRiggi was present at the case management conference hearing, which was heard by Judge Jacqueline C. Jackson.

On June 7, 2011, Daniell was ordered to file a "declaration re: service" within two weeks. On June 20, 2011, Daniell filed his proof of service of the first amended complaint on DeRiggi in Malvern, Pennsylvania, via Certified Mail. On July 5, 2011, Daniell's ex parte motion to discharge the order to show cause regarding service was heard before Commissioner Paulette Durand-Barkley. On July 12, 2011, Daniell requested entry of default judgment against DeRiggi. Two days later, counsel for DeRiggi filed a notice of motion to quash service of summons on specially appearing defendant DeRiggi. DeRiggi submitted a declaration in support of the motion, wherein he denied any contacts with the State of California other than "a .004% ownership

_____

[5] As noted later in this opinion, in one of Daniell's companion cases (case No. RIC520405) Daniell refused to stipulate to Commissioner John W. Vineyard on February 10, 2011.

5

interest[] in GMH Communities Trust," which owned "four properties in California at various times during the period of 2004 until June 2008, at which time it was acquired by American Campus Communities, Inc.," and approximately three to five business trips per year on behalf of his employers. On July 14, 2011, Daniell filed a section 170.6 challenge against Judge Jacqueline C. Jackson and the case was reassigned to Department 10 before Judge Sharon J. Waters.

On August 2, 2011, Daniell filed his opposition to DeRiggi's motion on the ground that DeRiggi failed to request relief from default that had been entered against him. In his later filing, Daniell argued that DeRiggi waived his right to challenge jurisdiction when his attorney personally appeared at the case management conference. Following briefing, DeRiggi's motion was initially heard on August 30, 2011. According to the minute order, "All parties stipulate[d] to John W. Vineyard." The trial court denied the motion without prejudice on the ground that DeRiggi was required to request relief from default simultaneously with his motion to quash. Thus, on September 2, 2011, DeRiggi refiled his motion to quash service of summons with a motion for relief from default.

On October 11, 2011, the trial court granted DeRiggi's motions for the following reasons. Regarding discretionary relief from default, "service on Mr. DeRiggi was by mail out of state. I believe he was in Pennsylvania, mailed on June 6th, 2011. Based on statute, the response would be due on July 18th. A default was entered six days early. Based on [section] 473[, subdivision] (d), that's a void default, and I would grant the

6

motion." Regarding the motion to quash service and summons, the court observed that "it is the plaintiff's burden of proof to establish the defendant's minimum contacts with California as a basis for jurisdiction." Here Daniell failed to meet this burden. Finding that DeRiggi had no contracts with California, the trial court granted the motion. Further, regarding the issue of whether DeRiggi had made a general appearance at the case management conference, the trial court found it "clear on the record that when counsel was appearing, [s]he either specially appeared for Mr. DeRiggi or specifically excluded him from the appearance." The Register of Actions notes that "[a]ll parties stipulate to Commissioner John W. Vineyard." On October 27, 2011, an order was entered dismissing DeRiggi with prejudice.

On December 12, 2011, Daniell filed notice that he was appealing "(1) the October 11, 2011 order granting Defendant John DeRiggi's motion to quash service of summons; and (2) the October 27, 2011 order/judgment dismissing Defendant John DeRiggi from the above-entitled action." (Italics omitted.)

## II. TRIAL COURT'S AUTHORITY TO HEAR DERIGGI'S MOTIONS

Daniell contends the trial court had no authority to hear and rule on any of DeRiggi's motions because (1) he filed a notice of nonstipulation to commissioner or judge pro tempore within 10 days of filing his complaint, and (2) he did not impliedly stipulate to a commissioner or judge pro tempore hearing the motions.

According to Daniell, he admits receiving notice from the Riverside County Superior Court Clerk, which stated: "'The parties must, within ten (10) days of the date

7

of notice of the assignment to a trial department, file a Notice of Non-Stipulation if they do not stipulate to hearing before the Commissioner.'" Thus, after filing his complaint and being informed that the case had been assigned to Department 2 (Commissioner Paulette Durand-Barkley), Daniell filed a notice of nonstipulation to commissioner or judge pro tempore. The case was reassigned to Department 6, Judge Mac R. Fisher, and Daniell was notified that he could challenge Judge Fisher under section 170.6, and that if the case was assigned to a commissioner he must notify the court of his refusal to stipulate to the commissioner. Apparently, Daniell is of the understanding that his notice of nonstipulation as to Commissioner Durand-Barkley filed on October 2, 2009, was sufficient to object to the case being assigned to any commissioner or judge pro tempore. However, his understanding is incorrect.

According to Daniell, the California Constitution, article VI, section 22,[6] and Code of Civil Procedure section 259, subdivision (e) required a written stipulation before the commissioner could hear the matter, and there was neither an express nor implied stipulation. He further supports his argument by citing to this court's opinion in *In re Frye* (1983) 150 Cal.App.3d 407 (*Frye*) [Fourth Dist., Div. Two]. In *Frye* we held that an implied stipulation presupposes "voluntary and knowing assent." (*Id*. at p. 409.) However, knowing assent may not be found on a silent record. In *Frye*, the reporter's

---

[6] Although Daniell references section 21 of article VI of the California Constitution, the correct reference should be to section 22. Section 21 applies when a member of the State Bar is ordered to act as a temporary judge, while section 22 applies when the Legislature authorizes the trial courts to appoint commissioners to perform subordinate judicial duties.

transcript of the hearing failed to disclose any stipulation or knowledge that Commissioner Honn was a commissioner rather than a judge. (*Ibid.*) There was no written stipulation in the court file. And the only notice that Commissioner Honn was a commissioner was a sign "posted in the hearing room stating that unless some objection is voiced it will be deemed stipulated the commissioner may act in the capacity of judge pro tempore." (*Ibid.*) We did not determine the sufficiency of this procedure because we found that neither the petitioner nor his counsel "knew that Commissioner Honn was a commissioner rather than a judge and knew of the posted notice . . . ." (*Ibid.*) Thus, we concluded that "[i]n the absence of a proper stipulation Commissioner Honn lacked authority to hear and determine the contempt proceeding and the order of contempt is void." (*Ibid.*)

Given the record before this court, we reject Daniell's contentions and find our decision in *Frye* distinguishable. "First, although the original constitutional language providing for temporary judges, as well as the current language of the Code of Civil Procedure, speaks of a written stipulation of the parties litigant, [our Supreme Court has] ratified a line of cases recognizing that a valid stipulation for purposes of the constitutional provision may arise as a result of the *conduct* of the parties. These cases hold that conduct short of an express oral or written stipulation may be tantamount to a stipulation that a court commissioner may sit as a temporary judge. [Citations.] As one Court of Appeal has said, 'An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him

9

[or her].' [Citation.]" (*In re Horton* (1991) 54 Cal.3d 82, 91, fn. omitted, original italics.) "Under the 'tantamount stipulation' doctrine, the parties confer judicial power not because they thought in those terms; had they done so, the stipulation presumably would be express. Rather, an *implied* stipulation arises from the parties' common intent that the subordinate officer hearing their case do things which, *in fact*, can only be done by a judge." (*In re Mark L.* (1983) 34 Cal.3d 171, 179, fn. 6, original italics.)

Here, we conclude that the conduct of Daniell is tantamount to a stipulation that Commissioner Vineyard was authorized to sit as a temporary judge. As we previously noted, this is not the only malicious prosecution case Daniell has filed involving the unlawful detainer action initiated against him. On October 17, 2012, DeRiggi asked that we augment the record and take judicial notice of certain documents in this case, along with Riverside Superior Court case No. RIC520405. Daniell opposed both the motion and the request, and we reserved ruling for consideration with this appeal. We now grant the motion to augment as to Exhibits 1 through 7, inclusive, and 32. As for DeRiggi's request for judicial notice, we take notice of Exhibits 5 and 6 only. (Evid. Code, § 452, subd. (d).) According to Exhibits 5 and 6 of the request for judicial notice, on February 10, 2011, in Daniell's companion case (case No. RIC520405), Daniell specifically refused to stipulate to Commissioner Vineyard hearing a demurrer. Because Daniell was aware that Commissioner Vineyard was a commissioner as of February 2011, the facts in *Frye* are distinguishable. In that case, counsel rarely practiced in Riverside and declared that he did not know that Commissioner Honn was a

10

commissioner.  (*Frye*, *supra*, 150 Cal.App.3d at p. 409.)  Here, Daniell's refusal to stipulate to Commissioner Vineyard in case No. RIC520405 evidences his knowledge that Commissioner Vineyard was a commissioner.

According to Exhibit 32 of DeRiggi's motion to augment, at a May 24, 2012, hearing before Commissioner Durand-Barkley the issue of Daniell's stipulation to have Commissioner Vineyard hear the defense motions which are now on appeal before this court was discussed.  Defense counsel pointed out that Daniell had submitted a declaration in which he merely said that he *did not recall* stipulating to Commissioner Vineyard.  Daniell responded by noting that the reporter's transcript was quiet as to any stipulation.  The following exchange occurred:

"MR. DANIELL:  Yeah.  I don't have the transcript with me, but that wasn't discussed at all in the minutes.  They say nonstipulation because nobody objected, apparently.  But I—you know, he didn't—I thought he was a judge.

"THE COURT:  But he has a sign just like I do—

"[DERIGGI'S COUNSEL]:  That says 'commissioner.'

"THE COURT:  —that says 'commissioner.'

"[DERIGGI'S COUNSEL]:  And at the beginning of the hearing—"

Given Daniell's prior refusal to stipulate to Commissioner Vineyard in February 2011 in his companion case (case No. RIC520405), coupled with the minute orders from this case, which note "All parties stipulate to Commissioner John W. Vineyard," and the fact that Daniell noted on the various pleadings he filed that the matters were being heard

11

by the "Hon. John W. Vineyard," we find an implied, if not express, stipulation to having Commissioner Vineyard hear and decide DeRiggi's motions for relief from default and to quash service of summons. Accordingly, we reject Daniell's challenge to the trial court's authority to hear and rule on DeRiggi's motions and conclude the judgment of dismissal is not void.

## III. APPEARANCE OF DERIGGI'S COUNSEL AT THE CASE MANAGEMENT CONFERENCE

Daniell contends that because DeRiggi's counsel made an appearance for DeRiggi at the case management conference, DeRiggi should be deemed to have generally appeared in the matter. We disagree.

A general appearance in an action operates as a consent to the jurisdiction of the person. (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52 (*Dial 800*).) "It has long been the rule in California that 'a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action.' [Citations.]" (*Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 419 (*Air Machine*).) A party makes a general appearance when it "engages in acts or activities that recognize the court's jurisdiction over the party." (*Id*. at p. 426.)

"To determine whether [a party] has made a general appearance, we do not look to whether it characterizes its appearances as 'general' or 'special.' Instead, we must look to the 'character of the relief asked.' [Citations.] An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections. [Citations.]"

12

(*366-368 Geary St., L.P.* v. *Superior Court* (1990) 219 Cal.App.3d 1186, 1193.) Section 1014 provides: "A defendant appears in an action when the defendant answers, demurs, files a notice of motion to strike . . . gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant. . . ." "'The statutory list of acts constituting an appearance [under section 1014] is not exclusive; "rather the term may apply to various acts which, under all of the circumstances, are deemed to confer jurisdiction of the person. . . ." [Citation.]'" (*Air Machine*, *supra*, 186 Cal.App.4th at p. 420; see also *Dial 800, supra,* 118 Cal.App.4th at p. 53 [noting California courts have found general appearances under varying circumstances in which the defendant seeks affirmative relief].)

Here, Daniell argues that during the April 26, 2011, case management conference, DeRiggi's counsel stated an appearance for the corporate defendants "and individual defendants." Thus, he argues that she was referring to DeRiggi and therefore generally appeared on his behalf. However, counsel never stated an appearance for DeRiggi and never mentioned DeRiggi's name. Rather, according to the case management statement filed on February 7, 2011, counsel for DeRiggi noted that DeRiggi "will challenge personal jurisdiction and is therefore not appearing at the case management conference." On October 11, 2011, DeRiggi's counsel explained that her prior reference to "individual defendants" was made because the first amended complaint, which had not yet been served at the time of the case management conference, named numerous individual defendants and it had not yet been determined which of those additional defendants might

13

also be represented by counsel.  After DeRiggi was served with the summons and the first amended complaint, counsel immediately sought to quash service on the grounds of lack of personal jurisdiction.

Daniell asserts that the trial court's denial of DeRiggi's initial motion to quash constituted a general appearance.  He argues that even though the denial was without prejudice, section 418.10, subdivision (e)(1)[7] provides that a denial of a motion to quash necessarily constitutes a general appearance.  Under the facts of this case, we disagree.

First, we note that the language of section 418.10, subdivision (e)(1) is inapplicable in this case because it contemplates situations where the motion to quash was filed "on or before the last day of [the] time to plead or within any further time that the court may for good cause allow . . . ."  (§ 418.10, subd. (a).)  Here, Daniell, albeit prematurely, took DeRiggi's default.  Thus, when DeRiggi brought his motion to quash, it was beyond the time contemplated by section 418.10, subdivision (a).

---

[7]  Section 418.10, in relevant part, provides:  "(a)  A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes:  [¶]  (1)  To quash service of summons on the ground of lack of jurisdiction of the court over him or her.  [¶] . . . [¶]  (e)  A defendant . . . may make a motion under this section and simultaneously answer, demur, or move to strike the complaint . . . .  [¶] (1) Notwithstanding Section 1014, no act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion made under this section.  If the court denies the motion made under this section, the defendant . . . is not deemed to have generally appeared until entry of the order denying the motion.  [¶]  (2) If the motion made under this section is denied and the defendant . . . petitions for a writ of mandate pursuant to subdivision (c), the defendant . . . is not deemed to have generally appeared until the proceedings on the writ petition have finally concluded."

14

Second, and more important, the trial court's denial of DeRiggi's initial motion to quash was not a denial based on the merits, nor was it a final ruling on the motion. The trial court was very specific on this point: initially, the court's tentative ruling was to grant the motion to quash; however, when Daniell opposed the motion as being procedurally improper because DeRiggi failed to request relief from default, the trial court agreed that the motion to quash needed to be accompanied by a request for relief from default. Thus, the court allowed DeRiggi to withdraw his motion and refile it with a request for relief from default. In articulating this ruling, the following exchange occurred:

"[THE COURT:] . . . [M]y understanding of the general rule is that a party in default, is out of court, does not have standing, and the Court has no jurisdiction to hear motions of any kind, other than a relief from entry of default, at least brought concurrently. And without that motion for relief, this motion would be improper, and I would be denying it without prejudice, subject to a motion for relief from default.

[¶] . . . [¶]

"[DERIGGI'S COUNSEL]: . . . Our concern in bringing the motion for default— motion to set aside the default, is that we would waive the jurisdictional challenge. We've had such a hard fight and—

"THE COURT: Well, there is no reason they can't be brought together.

"[DERIGGI'S COUNSEL]: Right. . . . [I]n our opinion, it didn't seem mandatory to bring the motion for relief from default based on, in my own experience, where I've

15

had people come in where a default was against them, but the Court found there was no jurisdiction, and the Court didn't honor the default.

"Secondly . . . there is no jurisdiction against someone. . . . We have a valid jurisdictional challenge. We raised it timely . . . . And the default is clearly by statute improper.

"So there is no basis not to grant the relief, because . . . all that Mr. Daniell did was run in and file an improper default that should have never been accepted by the Court, and here we've got a lack of jurisdiction over the party. And if the Court finds there is no jurisdiction, then the default is void anyway . . . . If you have a void default— it's not that we're asking for relief to set aside because we made a mistake. It's void ab initio . . . . If you don't have jurisdiction, and you can establish that, then the default was always void through lack of jurisdiction.

"THE COURT: I have considered the argument of counsel and Mr. Daniell, and I am going to deny the motion without prejudice based on the entry of the default. . . .

"I'm going to return your copy to you.

". . . I am denying without prejudice so that you can bring the motion with a concurrent motion for relief.

[¶] . . . [¶]

"[DERIGGI'S COUNSEL]: Let me just—so I understand, so Mr. Daniell doesn't come back and say we don't have a right to bring this motion . . . . I just want to clarify that you're giving us leave to file a motion on behalf of Mr. [DeRiggi], which would still

16

constitute a special appearance, that he would be setting aside the default that was previously entered and also concurrently then moving to quash.

"THE COURT: Let me make it clear. I'm denying the motion today without prejudice. I believe that the statute and the case law—and there is authority that the motion to quash service of summons based on personal jurisdiction can be brought simultaneously with a motion for relief from default, and I'm specifically giving leave to do that.

"[DERIGGI'S COUNSEL]: And there is no waiver for special appearance?

"THE COURT: That's correct. This is still a special appearance at this point."

As the above exchange shows, the trial court never considered the merits of DeRiggi's initial motion to quash because Daniell pointed out that it was procedurally improper. Instead, the court returned the paperwork to DeRiggi's counsel and "denied" the motion without prejudice so that he could bring it with a concurrent motion for relief. In effect, DeRiggi's motion to quash was withdrawn, not denied.

To summarize, DeRiggi's counsel did not make a general appearance on behalf of DeRiggi at the case management conference. Furthermore, the court's "denial without prejudice" of DeRiggi's motion to quash amounted to allowing DeRiggi to withdraw the motion and refile it with a request for relief. As such, it does not constitute a general appearance.

## IV. RELIEF FROM DEFAULT ON GROUNDS OF ATTORNEY FAULT

In his final claim, Daniell assumes that DeRiggi made a general appearance and then contends that his only remedy was to "obtain relief from default" under section 473. Because we conclude there was no general appearance by DeRiggi, we likewise conclude there was no need for a section 473 motion. Thus, this issue is moot.

## V. DISPOSITION

The judgment of dismissal is affirmed. Costs on appeal are awarded to defendant and respondent.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                         HOLLENHORST
                                                        Acting P. J.

We concur:

RICHLI
                         J.

KING
                         J.