Filed 1/30/23 Moncada v. Thiele CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SHAWNDRA MONCADA, | |
| Plaintiff and Respondent, | E078105 |
| v. | (Super. Ct. No. CIVMB2100139) |
| JESSICA THIELE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John W. Burdick, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed.

Law Offices of J. Alan Plott and J. Alan Plott, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### I.

### INTRODUCTION

Jessica Thiele appeals a restraining order against her issued by a superior court commissioner on the ground that she did not stipulate to the commissioner deciding the

1

matter. We agree with Thiele that she did not stipulate to the commissioner and therefore we must reverse the order as void for lack of jurisdiction.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Shawndra Moncada filed a request for a civil harassment restraining order against Thiele on August 31, 2021. Her request created a new case with a new case number (CIVMB2100139) and is designated as related to four cases (CIVMB2100095, CIVMB2100106, CIVMB2100159, and FAMMB2100030).

Moncada supported her request with a declaration explaining her version of the incident that led her to file the request. Moncada stated that "[a]fter our last court date" on July 28, she was walking out of the courtroom when Thiele made a threatening comment to her. Moncada was "extremely alarmed" because they had just left the courtroom "and the judge told us to STAY AWAY from each other."

On August 20, 2021, Moncada was at a bar with some friends when she ran into Thiele. Thiele immediately began yelling obscenities at Moncada and "aggressively approached" her when she tried to walk away. Thiele told Moncada "to go outside to fight her," but Moncada refused. Moncada's friends told Thiele to go away, and she eventually did while yelling "'this will never be over.'"

Moncada explained that her prior restraining order request against Thiele was denied at "the last court date" in July, so she filed her current request "to obtain the order [she] is asking for" because she believes Thiele "will constantly harass" her. Moncada

2

supported the request with a statement from her friend who witnessed the incident at the bar and "multiple reports" to the police. She stated that she hoped the court would grant her a restraining order against Thiele now that she had a witness, police reports, and a video of the incident that she recorded on her cell phone.

About a week later, and without Thiele filing anything or appearing, Commissioner John Burdick issued an order denying a temporary restraining order until the hearing on Moncada's request. The line for the signature of the judicial officer issuing the order does not have a signature and instead only has "DENIED" stamped on it. The order thus does not identify the judicial officer who issued it. The commissioner then set the matter for a hearing on September 29, 2021.

Thiele responded to Moncada's request a day before the hearing. She asserted that "[e]ver since our last court hearing on July 27," Moncada had continually harassed and threatened her. Thiele claimed that Moncada threatened to kill her at the bar on August 20 and responded to Moncada only to protect herself. Thiele also claimed that Moncada had threatened her on September 15, 2021, in front of her daughters.

The commissioner presided over the hearing on Moncada's request on September 29, 2021. After the parties made their appearances, Thiele's attorney immediately asked for the matter to be heard by a judge of the superior court. The commissioner denied the request, reasoning that "[t]he parties, by their previous act in having this matter heard, and the Court heard it extensively, and this is the very same circumstances, there is an implied stipulation." Despite Thiele's counsel's continued objection, the commissioner

3

heard the matter. Moncada and her friend/witness testified, as did Thiele and a friend who was also at the bar and witnessed the altercation. All four of the witnesses testified at length about their versions of what happened at the bar.

The commissioner then granted Moncada's request and entered a restraining order against Thiele. Thiele timely appealed.

III.

DISCUSSION

Thiele contends the commissioner lacked authority to hear the matter because she did not stipulate to the commissioner's jurisdiction. We agree.

Litigants may stipulate to a temporary judge, such as a commissioner, to resolve their dispute instead of a judge. (Cal. Const., art. VI, § 21.) We construe the power of a stipulated-to commissioner "narrowly, so as to enforce the temporary nature of that power." (*Reisman v. Shahverdian* (1984) 153 Cal.App.3d 1074, 1096.)

Even if parties do not expressly stipulate to a commissioner, they may impliedly do so through their litigation conduct. (*In re Horton* (1991) 54 Cal.3d 82, 98.) For instance, in *In re Horton*, the defendant's "counsel participated fully and vigorously in the trial" before a commissioner. (*Ibid*.) This "tacit recognition" of the commissioner's authority to hear the matter meant that the defendant impliedly stipulated to the commissioner's jurisdiction. (*Ibid*.)

4

Here, however, Thiele's counsel immediately objected to the commissioner deciding Moncada's request at the outset of the hearing. Thiele thus did not expressly or impliedly stipulate to the commissioner's jurisdiction to decide Moncada's request.

The commissioner nonetheless found that Thiele had impliedly stipulated to his jurisdiction because of the parties' "previous act in having this matter heard" and the commissioner having "heard it extensively." But that was a different matter concerning Moncada's prior but unsuccessful request for a restraining order well before the bar incident.

When all parties stipulate to a commissioner, the commissioner may act as a temporary judge until the final determination of the "cause." (*Gridley v. Gridley* (2008) 166 Cal.App.4th 1562, 1580 (*Gridley*).) "'A cause is the proceeding before the court.'" (*In re Steven A.* (1993) 15 Cal.App.4th 754, 768.) Thus, when parties stipulate a commissioner hear a particular "cause," the commissioner has "'the power to act until the final determination of *that proceeding*.'" (*Ibid.*)

To decide whether a matter falls within a "cause" properly assigned to a commissioner through the parties' stipulation, we ask whether the matter is the "'direct progeny'" of the stipulated cause. (*Gridley*, *supra*, 166 Cal.App.4th at p. 1582.) If so, then the commissioner has jurisdiction to hear the matter. (*Ibid.*) But if the matter is "ancillary" to the stipulated cause, then the commissioner does not have jurisdiction. (*Ibid.*)

"'Direct progeny are those which are a continuation of the stipulated cause or question its finality, such as motions to vacate or reconsider." (*Gridley*, *supra*, 166 Cal.App.4th at p. 1583.) The stipulated-to commissioner has jurisdiction over "direct progeny" proceedings because a party who already stipulated to the commissioner has effectively asked for the original proceedings to "be repeated or the result reexamined" before they conclude. (*In re Steven A.*, *supra*, 15 Cal.App.4th at p. 769.) It thus makes sense to conclude that "if the parties were content to stipulate to a [commissioner] for the first hearing or trial, they implicitly agreed that his [or her] power would continue until the ruling or judgment became final." (*Ibid*.)

"Ancillary proceedings," on the other hand, "are heard and determined on a separate record independent of the ruling in the stipulated cause" and seek an independent judgment or reviewable order. (*Walker v. San Francisco Housing Authority* (2002) 100 Cal.App.4th 685, 692; *Gridley*, *supra*, 166 Cal.App.4th at p. 1583.) Put another way, "[a]ncillary proceedings are not a continuation of the stipulated cause," so a [commissioner] has no power to hear them absent a new stipulation." (*Reisman v. Shahverdian*, *supra*, 153 Cal.App.3d at p. 1095.)

Thiele stipulated to the commissioner's jurisdiction when she participated in the July hearing before the commissioner. After the commissioner denied Moncada's request

6

for a restraining order, however, she did not appeal the ruling to this court.[1] That proceeding therefore ended.

Moncada filed her next request for a restraining order on August 31, because of Thiele's comments just after the July hearing and her conduct at the bar a few weeks after the July hearing. Moncada supported this request, which was assigned a new case number, with new evidence, including a witness statement from her friend and a video recording of the bar incident. In her response, Thiele disputed Moncada's version of events, and also alleged Moncada had repeatedly threatened and harassed her since the July hearing, including at the bar in August and in another public location in mid-September. At the September hearing, Moncada and Thiele both had a friend who witnessed the bar incident testify on their behalf.

But Moncada did not challenge the finality of the commissioner's July ruling by filing her August 31 request, such as by filing a motion for reconsideration or to vacate. Moncada instead filed a new request, which was assigned a new case number. By filing the request, Moncada sought a reviewable order independent of the commissioner's July order denying her prior request for a restraining order. As she stated in her August request, she felt a restraining order was necessary to stop Thiele's allegedly harassing and threatening conduct, which continued after the July hearing and order.

---

[1] We take judicial notice of the fact that this court has no record of an appeal by Moncada (or Thiele) and note that the time to appeal from the July 2021 order denying her request for a restraining order has long passed. (See Cal. Rules of Court, rule 8.104.)

In short, although Moncada's August request relates to the stipulated cause, it is ancillary to that cause. Thiele therefore had to stipulate to the commissioner deciding the matter before he could do so. Because Thiele did not so stipulate, the commissioner lacked jurisdiction to decide Moncada's August request. We therefore must reverse the commissioner's order granting Moncada's request for a restraining order against Thiele as void for lack of jurisdiction. (*Michaels v. Turk* (2015) 239 Cal.App.4th 1411, 1414 ["[I]n the absence of a stipulation a commissioner is not qualified to act, and any ruling the commissioner makes 'must be reversed.'"].)

## IV.

## DISPOSITION

The commissioner's August 2021 restraining order against Thiele is reversed. The parties shall bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

8