Filed 12/2/22  K.A. v. C.A. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| K.A.,<br><br>    Appellant,<br><br>        v.<br><br>C.A.,<br><br>    Respondent. | G060387<br><br>(Super. Ct. No. 20V002406)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Renee E. Wilson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Merritt L. McKeon for Appellant.

Nordhoff Bengfort and Steven G. Nordhoff for Respondent.

\*        \*        \*

This appeal arises from a commissioner's issuance of a domestic violence restraining order against K.A. and dismissal of K.A.'s own request for a restraining order (collectively the rulings). K.A. asserts that on the morning of the hearing underlying the rulings, she understood the case would be reassigned and therefore did not attend the afternoon evidentiary hearing that resulted in the rulings. K.A.'s attorney had not been able to reestablish communication with K.A. and the commissioner had denied the attorney's request for a continuance. After the rulings, K.A. filed an unsuccessful motion to reconsider.

K.A. argues the rulings should be vacated because she did not agree to have a commissioner hear the matter. She also contends she was prevented from participating in the underlying evidentiary hearing because, before K.A. became unavailable, the commissioner had indicated the case was to be reassigned. We discern no reversible error and affirm.

FACTS

*Requests for Restraining Orders*

In December 2020, K.A. requested the trial court issue a domestic violence restraining order (DVRO) against her mother, C.A., based on an alleged physical altercation at their residence, where K.A. had lived for 26 years with C.A. and her father, G.A. At the time of her request, K.A.'s parents had been litigating their marital dissolution action, and G.A. had been ordered to move out of the residence.

Ten days after K.A.'s request, C.A. filed her own request for a restraining order against K.A. C.A. asserted, among other things, that K.A. had "continued to harass [C.A.] by allowing [G.A.] into our residence repeatedly and making false claims," including that C.A. had physically abused K.A.

The trial court granted temporary restraining orders for both K.A. and C.A. and set an evidentiary hearing for March 5, 2021. On March 4, 2021, a notice was sent to

2

the parties that the case had been assigned to a commissioner who was the same commissioner also assigned to C.A. and G.A.'s ongoing dissolution action.

*The Initial Hearing and Continuance*

On March 5, 2021, counsel for each party appeared remotely before the commissioner through their attorneys.[1]  K.A.'s attorney requested a continuance due to medical treatment K.A. was receiving.  The commissioner granted K.A.'s request and set an evidentiary hearing to be conducted on April 8, 2021.

K.A. has not provided us with the reporter's transcript for the March 5, 2021 hearing.  Accordingly, the clearest record of what occurred is the court's minute order.  Among other things, the order memorialized the parties' time estimates for presentation of evidence as well as the commissioner's reissuance of the parties' temporary restraining orders.  Critical to this appeal, the order also stated:  "Both counsel stipulate to [the c]ommissioner[] as the [j]udicial [o]fficer for all purposes."

Thirty-three days after the March 5, 2021, hearing, on April 7, 2021, one day before the evidentiary hearing, K.A.'s counsel filed a declaration in the trial court "in order to clarify [counsel's] position as it relate[d] to the March 5, 2021 continuance of the domestic violence hearing and restraining orders in this matter."  Counsel asserted:  "It was my understanding [on March 5] that my appearance in this matter . . . was for the sole purpose of continuing the domestic violence hearing and that my stipulation to the Commissioner was limited to the continuance only."  Counsel also asserted that K.A. "ha[d] not authorized [counsel] to stipulate to a commissioner 'for all purposes' in this matter and [counsel] presently remain[ed] unable to stipulate to a commissioner hearing to hear [*sic*] this matter for all purposes."

---

[1]     All appearances were done virtually through video conferencing.

3

*The April 8, 2021 Hearing and Rulings*

The following morning, at the scheduled April 8, 2021, hearing, K.A.'s attorney informed the court he had filed his declaration regarding the scope of his March 5, 2021 stipulation. The commissioner admonished the attorney for the timing of the declaration, given its context, but nonetheless entertained the request to have the case reassigned to a judge.

The commissioner initially reasoned that because K.A. had not been personally present at the March 5 2021 hearing, there was insufficient consent for a commissioner to hear the parties' DVRO requests. Specifically, the following colloquy occurred:

"THE COURT: . . . this all appears to be a ploy at the day of the hearing that everybody gets blindsided – 'we won't stipulate, but we have known since over a month ago that this case was assigned to [the commissioner]. But more importantly, that it was stipulated.

"But I can't get out of the requirements [for valid consent to a commissioner conducting the evidentiary hearing], and I'm not going to try — because as a commissioner, that would only be problematic for myself. Because there is case law that says the client also has to agree.

"I can waive it if his client[, K.A., had been] standing right next to him [at the March 5, 2021 hearing], but his client was in the hospital. So it's a free pass. I'm not issuing any reissuances [of temporary restraining orders], though, because I can't.

"[C.A.'S COUNSEL]: I would like [the temporary order entered in favor of C.A.] reissued.

"THE COURT: I can't. I can't.

"We will let you know where to go.

"[C.A.'S COUNSEL]: They got theirs reissued last time by you.

"THE COURT: I know that.

4

"[C.A.'S COUNSEL]: I don't know why — if the court is going to reassign the matter, then I understand.

"THE COURT: I'm reassigning it, and we will send you to another department and they can reissue them today.

"[C.A.'S COUNSEL]: Today? Okay.

"THE COURT: It would be one thing if we can find you a home today.

"[K.A.'S COUNSEL]: Thank you, your Honor.

"THE COURT: Thank you.

"[C.A.'S COUNSEL]: Your Honor, maybe for efficiency — maybe [K.A.'s counsel] will agree that this court could reassign —

"THE COURT: I'm not touching it.

"[C.A.'S COUNSEL]: This is very frustrating, Your Honor. This is, like, the eighth appearance we have had with this kind of nonsense.

"[K.A.'S COUNSEL]: That's not true. There has been no other nonsense that I'm aware of —

"THE COURT: I'm not saying with the other case. I'm saying with this particular case. I do find it somewhat disingenuous that you have known it for 30 days, stipulated on the record, had me sign reissuances, and it's the day of — but I can't do anything about it. I will leave that for another judge.

"My clerk will call you and let you know.

"[C.A.'S COUNSEL]: Thank you, Your Honor.

"THE COURT: Sorry.

"[K.A.'S COUNSEL]: Thank you, Your Honor.

"(Matter trails.)"

When the matter was recalled—24 minutes later, according to the trial court's minute order—prior to the lunch recess, the commissioner changed her position on K.A.'s request for a judge, explaining: "[U]pon review, the law is not as I had

5

[initially] indicated." The commissioner concluded K.A.'s attorney's stipulation at the March 5 hearing constituted sufficient consent for a commissioner to hear the parties' DVRO requests. The commissioner instructed the attorneys that they and their clients should return at 1:30 p.m. for the evidentiary hearing

At 1:30 p.m., the attorneys and C.A. appeared, but K.A.'s attorney advised he had not been able to establish communication with K.A., explaining:

"[K.A.'S COUNSEL]: Your Honor, I haven't been able to reach her since last time we were here earlier.

"I gave her a note when — I sent her a note when we finished the first time. I haven't been able to reach her since. She hasn't gotten back to me."

After C.A. confirmed she was ready to proceed and noted the matter had been pending for several months, the court and K.A.'s attorney discussed the posture of the case:

"THE COURT: In between, I did say we are going to try and find you a place for today, so it wasn't as if I gave you any impression that this matter would be continued.

"[K.A.'S COUNSEL]: No.

"THE COURT: All right.

Well, we will proceed. With the case of — I believe it's [K.A.] against [C.A.] — as to that case.

"[K.A.'S COUNSEL]: Yes, Your Honor. You called [K.A.]'s first.

"THE COURT: Yes. She filed first, as I recall.

"[K.A.'S COUNSEL]: Yes.

K.A.'s attorney requested a continuance based on his inability to reestablish communication with K.A. After C.A. objected, the commissioner denied the request and proceeded with the evidentiary hearing on the parties' DVRO requests. The commissioner dismissed K.A.'s request with prejudice and, after hearing testimony by

6

C.A., granted her request for a restraining order against K.A., ordering it would be effective for two years, subject to future requests for an extension or dismissal.

Five days after the rulings, K.A. filed an unsuccessful motion for reconsideration and then a notice of appeal timely challenging the April 8, 2021, rulings.

DISCUSSION

K.A. contends the commissioner's rulings should be vacated because she did not stipulate to a commissioner, and also because the commissioner had recused herself thereby excusing K.A. from appearing later that day. We apply to all of K.A.'s assertions "three fundamental principles of appellate review: (1) a judgment [or order] is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) Further, even where error is demonstrated, an appellant generally has a burden to also show the error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

*K.A. Has Not Shown the Rulings Should Be Reversed Because They Were Rendered by a Commissioner*

First, we review de novo K.A.'s contention the commissioner's rulings on April 8, 2021, were void. (See *In re Horton* (1991) 54 Cal.3d 82, 90.) Code of Civil Procedure section 259, subdivision (d),[2] establishes that a commissioner can act as a "temporary judge when otherwise qualified so to act and when appointed for that purpose, on stipulation of the parties litigant." The California Constitution, article VI, section 21, provides that: "On stipulation of the parties litigant the court may order a

---

[2]     All further undesignated statutory references are to the Code of Civil Procedure.

7

cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause."

Parties can consent to a commissioner verbally or impliedly by conduct. (See *In re Richard S.* (1991) 54 Cal.3d 857, 864 ["[I]t would be ""'intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceeding to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not'""].) If K.A.'s attorney stipulated on March 5, 2021, that the commissioner could conduct the April 8, 2021 evidentiary hearing, the stipulation sufficiently bound K.A. to having the commissioner adjudicate the parties' restraining order requests. (*In re Horton, supra*, 54 Cal.3d at pp. 86, 91-93 [party stipulation to commissioner that satisfies California Constitution, article VI, section 21, may be inferred from attorney's conduct without express stipulation by client].)

A sufficient stipulation is shown by the partial record presented because, as noted, the trial court's minute order for the March 5, 2021 hearing explicitly stated that "[b]oth counsel stipulate[d] to [the c]ommissioner[] as the [j]udicial [o]fficer for all purposes."

Nothing in the record presented overrides the minute order documenting K.A.'s counsel's consent to the commissioner. K.A. notes an absence in the record of a completed L-200 local court form. The form was required to record written stipulations to a commissioner and, before 2022, was described by Orange County Superior Court Local Rules, rule 701, as a "mandatory" form.[3]

Although K.A. is correct that an executed form was required at the time of the proceedings, her argument does not support a reversal because the issue was waived

---

[3]     Effective January 1, 2022, the language describing the form was amended to describe the form as "optional." (Orange County Superior Court Local Rules, rule 701(D).)

8

when K.A.'s counsel stipulated on the record to having the commissioner hear the case for all purposes on March 5, 2021.  (See *In re Richard S., supra*, 54 Cal.3d at p. 866 [otherwise valid stipulation to temporary judge waives claim of error based on absence of written stipulation].)  K.A.'s reliance on *Michaels v. Turk* (2015) 239 Cal.App.4th 1411 does not change the valid waiver here because that case, which involved a local rule designed to confirm consent by self-represented parties (*id.* at p. 1416), is factually inapt on that point.  The appellate court in *Michaels* held there had been insufficient consent to a commissioner because "there [was] no indication in the record that [the self-represented appellant] consented to [a] commissioner presiding over the hearing on [appellant]'s request for a restraining order."  (*Id.* at p. 1416.)  In contrast, the March 5, 2021 minute order in this case explicitly documented consent by K.A.'s counsel.

K.A. also argues she was justified in unilaterally excusing herself from the April 8, 2021 hearing, without notifying either the court or her attorney, due to the commissioner's initial position that the case would be reassigned.  We are not persuaded.

While K.A. is correct the commissioner initially indicated the case would be reassigned, the record also shows the commissioner simultaneously communicated that a judge would be sought to conduct further proceedings the same day.  As quoted *ante*, K.A.'s attorney agreed the commissioner had not misled the parties to believe the hearing would be continued to another date.  Accordingly, the record does not support a conclusion that K.A. was excused from further court proceedings for the rest of the day.

*K.A. Has Not Shown the Trial Court Abused Its Discretion Denying Her Attorney's Request for a Continuance*

Next, K.A. asserts the trial court erred by denying her attorney's request for a continuance on the afternoon of April 8, 2021, after he was unable to reestablish communication with K.A.  Outside of a respondent's right to an initial continuance, "[e]ither party may request a continuance of the [evidentiary] hearing [on a petition for a

9

domestic violence restraining order], which the court shall grant on a showing of good cause." (Fam. Code, § 245, subd. (b).) We review the court's decision whether to grant or deny a continuance for abuse of discretion.

In her appellate briefing, K.A. relies on *J.M. v. W.T.* (2020) 46 Cal.App.5th 1136 (*J.M.*) to argue the commissioner's denial in this case amounted to an abuse of discretion. We are not persuaded. In *J.M.*, a plaintiff who had requested a continuance of the evidentiary hearing on his request for a domestic violence protective order (*Id.* at p. 1138), five days before the hearing, had represented to the trial court that the defendant had not yet been served and plaintiff had been scheduled for a follow up spine surgery to occur the day before the hearing. (*Id.* at p. 1140.) When no one appeared on the day of the hearing, the trial court denied both plaintiff's request for a protective order and request for a continuance of the matter. (*Id.* at pp. 1138-1139.)

The appellate court reversed based on its conclusion the plaintiff had sufficiently presented good cause to continue the evidentiary hearing. (*J.M., supra*, 46 Cal.App.5th at p. 1140.) *J.M.* is distinguishable from this case because the same information that persuaded the appellate court had been presented to the trial court. In contrast, here, K.A. simply did not appear for the remainder of the April 8, 2021 hearing, without any explanation of why. Indeed, her attorney did not provide any documentation or factual explanation for K.A.'s absence when he requested the court to continue the matter on the day of the hearing. Accordingly, K.A. has not shown the court abused its discretion in finding a lack of good cause to continue the matter. (Fam. Code, § 245, subd. (b); see *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823 ["Continuances are granted only on an affirmative showing of good cause requiring a continuance"].)

10

*K.A. Has Not Shown the Trial Court Abused Its Discretion Denying Her Motion For*

*Reconsideration*

Next, we review K.A.'s argument the trial court abused its discretion when it denied her motion to reconsider the April 8, 2021 rulings. "Section 1008, subdivision (a)[,] requires that a motion for reconsideration be based on new or different facts, circumstances, or law. A party seeking reconsideration also must provide a satisfactory explanation for the failure to produce the evidence at an earlier time. [Citation.]" (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.)

In her reconsideration motion, K.A. asserted for the first time she had become unavailable because of her health condition. She asserted in her declaration the following: "Sometime during the late morning hours of April 8, 2021, I was informed that the Commissioner had made the decision that she 'was not going to touch the matter' and was going to recuse herself. Upon learning this information, [K.A.'s doctor] communicated to me that I was to *turn off* my laptop*, cellphone*[,] or any other electrical devise from my bedroom and to get as much sleep as I possibly could. Attached as Exhibit D is a summary of [the doctor]'s evaluation and discussion with me." The exhibit was a document purportedly typed and signed by a doctor, but not under penalty of perjury.

C.A. filed hearsay and other objections that the trial court sustained. The evidentiary rulings are not meaningfully discussed in K.A.'s appellate briefing.

The trial court denied K.A.'s motion for reconsideration concluding she had not provided a "satisfactory explanation for [her] failure to produce" the proffered information earlier. Given the record and briefing, we discern no abuse of discretion in the court's denial of the motion. (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1451 [reviewing court generally affirms or reverses exercises of discretion based on the correctness of the results and not their reasons].)

11

*K.A.'s Challenges to Trial Court Actions Outside of the Rulings*

Finally, we note K.A. contends the trial court erred at the outset of the case when it only partially granted K.A.'s initial ex parte request for a temporary restraining order against C.A. According to K.A., the court should have granted her initial request for C.A. to temporarily "'stay away'" and "'move out.'" Assuming without deciding that the court's decision was timely appealed (see § 904.1, subd. (a)(6)), we reject the contention as beyond the scope of K.A.'s appeal, given that neither her notice of appeal, designation of record, nor civil case information statement identify the trial court's initial issuance of a temporary restraining order as challenged on appeal. (See *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 [notwithstanding policy of liberally construing notices of appeal, "'"[W]here several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal."'" [Citations.]".)

## DISPOSITION

The trial court's April 8, 2021 dismissal of K.A.'s request for a protective order and issuance of a protective order by respondent against K.A. are affirmed. Respondent is entitled to recover her costs on appeal.


MARKS, J.*

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.